## J. G. BROWNING V. TARRANT COUNTY.

### Decided May 9, 1908.

**1.—Implied Contract—Charge.**

In an action against a county upon an implied contract for the value of services rendered, charge considered, and held not subject to the objection, when construed as a whole, that it made plaintiff's right to recover depend upon the fact that it was contemplated by both plaintiff and defendant that plaintiff should be paid for said services.

**2.—Implied Contract—Compensation—Charge.**

In an action against a county upon an implied contract of services rendered, charge requested by the plaintiff, considered, and held improperly refused in view of the issues made by the pleadings and the evidence.

**3.—Same—Evidence.**

To an action for the value of services rendered a county by an assistant county attorney, the county replied that plaintiff was paid for the services sued for out of the fees and perquisites of his office, and that the services rendered were a part of the duties of his office. Held, that evidence tending to show the amount of fees resulting to the plaintiff from the extra work for which he was claiming compensation, was relevant and admissible.

Error from the District Court of Tarrant County. Tried below before Hon. Mike E. Smith.

*McCart, Bowlin & McCart, Emory H. Smith* and *J. G. Browning,* for plaintiff in error.—If the plaintiff rendered the services at the request of the county and it was not contemplated by the plaintiff that the same should be a gratuity, then the plaintiff would be entitled to recover, although the county through its Commissioners' Court may not have contemplated paying therefor. Baldwin v. Travis County, 40 Texas Civ. App., 149; Taylor v. Deseve, 81 Texas, 251; Harrell v. Zimpleman, 17 S. W., 478; Henrick v. Ake, 12 S. W., 818; Ector v. Wiggins, 30 Texas, 56; Fore v. Chandler, 24 Texas, 148.

*Max K. Mayer,* for defendant in error.—There can be no recovery for services rendered voluntarily and with no expectation at the time of rendition that they will be compensated, and this is true whether the services were or were not beneficial. A subsequent change of intention by the party performing the service does not alter the rule. 15 Am. & Eng. Ency. of Law, p. 1079.

PRESLER, Associate Justice.—This suit was instituted by J. G. Browning, plaintiff in error in the District Court of the seventeenth judicial district of Tarrant County, Texas, to recover of the defendant, Tarrant County, the amount of ten hundred and forty-five dollars as the reasonable value of services performed and moneys expended by the plaintiff in error for and at the request of the defendant in error, Tarrant County, in connection with designing, making and executing a plan and two contracts entered into by Tarrant County with the Texas Title Company, and for the making of new assessment plat records and maps and new delinquent tax records, which were to be used and in fact are used by the assessor and collector of taxes for Tarrant County, Texas. Plaintiff in error alleges in his petition that at the time of performing said services for Tarrant County he was assistant county attorney to Mr. O. S. Lattimore, who was then county attorney for Tarrant County, but that the services performed, which is the basis of plaintiff's cause of action, were not a part of his official duties, and if, however, as a matter of law, they were incumbent upon him as such assistant county attorney, then the plaintiff would not be entitled to recover. The plaintiff further alleges that the services were performed at the special instance and request of the Commission-

ers' Court of Tarrant County and were received by said county and covered a period of more than two years, rendered from day to day and week to week for said time as required, and were of substantial benefit to the county, and that there was an implied promise upon the part of said county to pay the plaintiff a reasonable compensation therefor; that forty-five dollars of said amount was for moneys expended by plaintiff in error for the benefit of the county during the performance of said work and in connection therewith.

The defendant answered by general denial, and by exception pleaded the statute of two years limitation, and by special plea to the effect that if said services were rendered the same were rendered gratuitously for said county, and that plaintiff was paid out of the fees and perquisites of office, and that said work was a part of the duty of said plaintiff in error to said Tarrant County. The exception setting up the two years statute of limitation appears from the record to have been waived as a defense involving plaintiff's right to recover, by said exception not having been submitted and passed on in the trial court, and the same is not presented for the determination of this court in either the oral argument on submission, or in the brief of defendant in error.

The trial was had before a jury and a general verdict in favor of defendant in error returned and judgment was rendered in accordance therewith, from which judgment plaintiff appeals and here assigns error.

Plaintiff's first assignment of error complains of the action of the trial court in giving the following charge: "In connection with the foregoing you are instructed that although plaintiff may have performed said work at the request of the Commissioners' Court, yet if you should further find that at the time he did so it was not within the contemplation of himself and the Commissioners' Court that a charge would be made therefor, but it was intended by them that he would be compensated by way of an increase in the emoluments of the tax department on account of the new records, then you will find for the defendant." The objection urged in the assignment to this charge is that it made the plaintiff's right to recover depend upon whether or not it was contemplated by both the Commissioners' Court and the plaintiff that he was to be paid for the work. "While the law is that if he did the work at the request of the Commissioners' Court and it accepted the benefits of the work for Tarrant County and such work was valuable to and benefited the county, then he would be entitled to pay for the same, even though the county may not have contemplated paying therefor, or even may have intended not to pay him for said services, unless the plaintiff himself did not intend to charge the county for his services." It occurs to us that the plaintiff in framing the above stated objection did not fully consider as a whole the paragraph of the court's charge excepted to in this assignment, and considered only that portion of the same contained in the first part of said paragraph, which is to the effect, that if the jury should find that at the time plaintiff performed said work at the request of the Commissioners' Court it was not within the contemplation of himself and of the court that a charge would be made therefor, in that event, it should find for the defendant, and did not consider in connection there-

with the concluding part of said paragraph, which is to the effect that before the jury could so find for the defendant, it should also find in that connection that it was at the time intended by both the plaintiff in error and the Commissioners' Court that plaintiff would be compensated for the services rendered by an increase in the emoluments of the tax department; and while we are inclined to the opinion that the paragraph of the charge assailed by this assignment is subject to criticism as being inaccurately framed, still we believe that it is sufficiently clear for the comprehension of the jury, and as a whole presents a correct proposition of law and an instruction required by the issues of the case and warranted by the testimony, and said objection is therefore overruled.

The plaintiff in error in his second assignment further complains of the action of the trial court in refusing to give the following special charge requested by plaintiff: "If you believe from the evidence, gentlemen of the jury, that the plaintiff did the work for Tarrant County as alleged in his petition and expended the money mentioned in his petition in and about doing said work, and that the same was reasonably and necessarily expended, and that he did such work at the request of the Commissioners' Court of said county, or at the request of the County Judge of Tarrant County, acting for said court, then you are charged to return verdict for the plaintiff for what such work was reasonably worth, and the amount of said money so expended, unless you find from the evidence that neither plaintiff or defendant, Tarrant County, through the Commissioners' Court, expected at the time plaintiff began work that plaintiff would be paid for the same." We are inclined to the opinion that the failure to give the above set out special charge, as requested by plaintiff in error, was error on the part of the trial court, and that the assignment should be here sustained, and that said special charge was in part the law of and applicable to the issues made by the pleadings and the testimony of the case, and that the refusal on the part of the trial court to give said special charge, when considered in connection with the charge given in its entirety, is reversible error.

In view of the disposition of the case as above indicated, the disposition of the remaining assignments, with the exception of plaintiff in error's sixth assignment, are not considered material to a proper determination of this appeal. Plaintiff in error's sixth assignment complains of the admission, over plaintiff's objection, of certain evidence which is set out in substance in said assignment, which is as follows: "The court erred in admitting evidence, over plaintiff's objection, as to what he made out of the office of assistant county attorney of Tarrant County, in fees for collecting delinquent taxes, and the number of suits that he filed for said taxes, for the reason that said evidence had no bearing on any issue in the case and was calculated to prejudice the jury against the plaintiff and his cause of action." We are inclined to the opinion that the evidence, the admission of which is attacked by this assignment, was admissible on the issue made by the defendant's plea that plaintiff was paid for the services he herein sued to recover for, out of the fees and perquisites of the office of assistant county attorney, which he held at the time such services were rendered, and that

said work was a part of the duty of said plaintiff in error to said Tarrant County. We therefore hold that the trial court did not err in the admission of such testimony, and said assignment of error is here disallowed.

Because of the error committed by the trial court in refusing to give the special charge requested by plaintiff in error, as set out in his second assignment, we conclude that this case should be, and the same is hereby reversed and remanded.

*Reversed and remanded.*