## O. S. Lattimore et al. v. Tarrant County.

### Decided November 20, 1909.

**1.—County Attorney—Compensation—Statute Construed.**

Under the provisions of articles 2495c, 2495d and 2495f, Sayles Civ. Stats., a county attorney is entitled to retain all fees and commissions collected by him in his official capacity until the sum of such fees and commissions equals the maximum amount allowed him by law. Until such time the county has no interest in them, and in a suit against a county attorney and his bondsmen to recover certain fees collected and retained by the county attorney it must be alleged and proved that at the time the county attorney appropriated such fees he had then collected the maximum amount allowed him by law.

**2.—Same—Ex-officio Services—Employment by County—Legality—Burden of Proof.**

A County Commissioners' Court may lawfully employ a county attorney to represent the interests of their county in any cause in which such duty is not enjoined upon him by law, and pay him a reasonable compensation therefor over and above the maximun amount allowed him by law. In such case article 299, Sayles Civ. Stats. has no application. The burden is upon the party attacking the action of the court in allowing extra compensation in such case to prove that the allowance was unlawful.

**3.—Same—Illegal Contract.**

Because article 300, Sayles Civ. Stats., makes it the duty of a county attorney to institute the necessary legal proceedings against a county official for malfeasance in the matter of collecting or safe-keeping the public funds, the Commissioners' Court has no authority to agree to give a county attorney extra compensation for his services in such matter.

**4.—Practice—Failure to Submit Issue.**

The failure of the trial court to submit an issue is not cause for reversal when no request was made to have such issue submitted.

Appeal from the District Court of Tarrant County. Tried below before Hon. Irby Dunklin.

*C. K. Bell* and *Smith & Lattimore*, for appellants.—The proof must show that the particular items named by plaintiff in its petition, to wit: Certain ten percent commission on $1,660 of delinquent fees and $546 of delinquent fees, which items were sought to be recovered specifically, were collected by appellant Lattimore after he had collected and appropriated the salary allowed him by law.

The Commissioners' Court was empowered to employ the defendant Lattimore to represent the said court and Tarrant County in civil cases and in the Butler case in the Court of Civil Appeals and the Supreme Court. Looscan v. Harris County, 58 Texas, 511; Bank v. Presidio County, 26 S. W., 777; Crooms v. Atascosa County, 32 S. W., 188; Browning v. Tarrant County, 50 Texas Civ. App., 619; Anderson v. Walker, 49 S. W., 945.

*R. E. L. Roy,* county attorney, and *McLean & Carlock,* special counsel, for appellee.

SPEER, ASSOCIATE JUSTICE.—Tarrant County instituted this suit against O. S. Lattimore and his official bondsmen to recover a sum alleged to be due above the maximum amount allowed by law to said Lattimore as county attorney for the years 1900, 1901, 1902 and 1903. Plaintiff alleged that defendant Lattimore collected and received during the year 1903 the sum of one hundred and sixty-six dollars and five cents, which he received and retained as commission on fees collected by him and which accrued before the beginning of his term of office. That during said year he collected, received and retained fifty-four dollars and sixty cents as commission of ten percent on fees of office, which accrued prior to the beginning of his term of office. That of said sums the defendant was entitled to retain one-fourth only, leaving a balance due the State of one hundred and sixty-five dollars and forty-nine cents. It was also alleged that the defendant Lattimore collected and received during the year 1903 the sum of five hundred dollars, which he claimed as a fee for defending a certain suit in the District Court of Tarrant County, in which Tarrant County was plaintiff and Sam Butler et al. were defendants, said suit being brought to recover a large amount of money claimed by Tarrant County against said Butler as county clerk of said county, and the other defendants as his bondsmen. It is further alleged that defendant Lattimore, during his four years' incumbency of the office of county attorney, received and retained the sum of six hundred dollars under an order of the Commissioners' Court allowing the same to him as "ex officio" salary. The petition alleges that these sums of money constituted fees of office, and were in excess of the amount allowed and collected by the defendant as salary and all expenses of his office allowed by law, including the salary of his assistants.

As to these allegations the defendants answered that defendant Lattimore had collected the sum of two thousand two hundred and six dollars and fifty cents upon which he had retained a commission of ten percent as fees allowed by law for making such collection, and that the whole amount was justly due to him in addition to the other fees of office allowed by law; that as to the other items claimed by the plaintiff he was justly entitled to retain said sums so paid him by the county, for the reason that the same were paid to him as compensation for legal services outside the scope of his duties as county attorney. There were other issues not necessary to be noticed, however, in view of the disposition of the case below. Upon the summary instruction from the court the jury returned a verdict in the plaintiff's favor

for the foregoing items with interest to the date of trial. From a judgment based upon this verdict the defendants have appealed.

The first and second assignments of error raise a question based upon an ambiguity in the pleadings, which it will be unnecessary to discuss since the cause is to be remanded for another trial, and the supposed error may be easily avoided by an amendment of what appears to be an error of calculation.

The judgment of the District Court will be reversed because of error in giving the summary instruction to find for the county. Under article 2495c, Sayles' Texas Civil Statutes, appellant Lattimore, as county attorney of Tarrant County, was allowed a salary not to exceed two thousand five hundred dollars per annum, and in addition thereto one-fourth of the excess of the fees collected by him. Article 2495d provides "the amount allowed to each official mentioned in article 2495c may be retained out of the fees collected by him under existing laws; . . . and all fees collected by officers named in article 2495c during the fiscal year in excess of the maximum amount allowed, and of the one-fourth of the excess of the maximum amount allowed for their services, and for the services of their deputies or assistants hereinafter provided for, shall be paid to the county treasurer of the county where the excess accrued." This article also provides for a sworn statement by the official showing the amount of fees collected by him during the fiscal year, and the amount of fees charged and not collected, etc. Article 2495f declares, "All fees due and not collected, as shown in the report required by article 2495d, shall be collected by the official to whose office the fees accrued, and out of such part of delinquent fees as may be due the county the official making such collection shall be entitled to ten percent of the amount collected by him, and the remainder shall be paid into the county treasury as provided by article 2495d."

Now, it is clear from these articles, treating the items of commissions as fees of office accruing to appellant Lattimore, as we think they should be treated (Ellis County v. Thompson, 95 Texas, 22), that to entitle appellee to a judgment it must appear that at the time appellant Lattimore received such fees he had then collected in fees of office the maximum amount allowed him by law, for until such time, by the very letter of the statute as well as its spirit, he is entitled to retain all fees collected by him, and the county has no interest in them. For aught the petition in this case shows appellant Lattimore had not, when these commissions came into his hands, received in fees the maximum amount allowed him by law. Furthermore, the proof in this respect is equally wanting. In the agreed statement of facts it is stated: "That each year of said Lattimore's incumbency in said office there was an excess of fees over the maximum allowed by law." But the extent of this excess is nowhere shown; it may have been one dollar, or ten thousand dollars. Neither the pleadings nor the evidence, therefore, showed that appellee was entitled to recover any amount of the commissions retained by appellant Lattimore upon the collection of past-due fees to his office.

Neither was it proper to instruct a verdict as to the item of six hundred dollars alleged to have been paid to appellant Lattimore for

"ex officio" services as county attorney. It is quite true that there is no provision of law allowing the Commissioners' Court of a county to pay to the county attorney an ex-officio salary as such, but it is equally true that the Commissioners' Court may lawfully employ the county attorney to represent the interest of their county in any cause where such duty is not enjoined upon him by law. (Browning v. Tarrant County, 50 Texas Civ. App., 619.) In other words, article 299, Sayles' Texas Civil Statutes, which makes it unlawful for a county attorney to accept any fee, article of value, compensation, reward or gift, for the prosecution of any case or for services in any case, applies only to cases which he "is required by law to prosecute." Now, the designation by the Commissioners' Court of the allowance to appellant Lattimore as "ex-officio" might, standing alone, indicate that the allowance was by virtue of his office, and not in fact a compensation for services rendered beyond the duties of his office. But the evidence is not left in this shape. In the agreed statement of facts it is stated: "That during the years immediately preceding the making of such allowance to said Lattimore, said Lattimore, at the request of said Commissioners' Court, represented said Commissioners' Court in various and sundry matters, and had at the request of said Commissioners' Court rendered to them various and sundry legal services, such as written opinions on election and school matters, and in several suits, and that such services so rendered were of the reasonable value of six hundred dollars." It thus appears that the services rendered were in pursuance of a contract of employment, and there is no evidence that such contract was inhibited by law. The presumption, therefore, is that such employment and agreement to pay were lawful. The burden of proof rests upon the county to show that these fees had been unlawfully retained, and not upon appellant Lattimore to show that the contract, under which he retained them, was lawful.

As to the item of five hundred dollars paid to appellant Lattimore for his prosecution of the Butler suit, we think the court's instruction was correct. We have seen that the law forbids the receiving by a county attorney of any fee or compensation for services required of him by law as such official. Article 300, Sayles' Texas Civil Statutes, makes it the duty of the county attorney, when it shall have come to his knowledge that an official in his county, "intrusted with the collection or safe-keeping of any public funds, is in any manner whatsoever neglecting or abusing the trust confided in him," to institute such proceedings as are necessary to protect and preserve the public interests. Article 297 provides the compensation which the county attorney is to receive in such a case. It therefore clearly appears, we think, that the attempted contract whereby the Commissioners' Court of Tarrant County agreed to pay to appellant Lattimore five hundred dollars in lieu of any and all other claims to compensation for the prosecution of the Butler suit, was forbidden by law and void. That appellant's services were worth five hundred dollars to the county can not, of course, affect the question. The law has provided the compensation for him, and he and the Commissioners' Court would not be at liberty to disregard that law and substitute a different compensation, however desirable such arrangement might be to all parties.

The cross-assignment of error must be overruled, because it complains of the trial court's failure to submit the issue of appellee's right to recover another item pleaded, when no request was made to have such issue submitted. We have thought it best, however, not to affirm the case as to any item, but to reverse the same as a whole, and remand the cause for another trial.

*Reversed and remanded.*