## NAVARRO  COUNTY  v. J. P. HOWARD.

### Decided May 28, 1910.

#### County Clerks—Ex-Officio Services—Fees.

The Act of 1897 repealed the Act of 1881 with reference to fees of county clerks for ex-officio services, and thereafter it was wholly discretionary with the Commissioners' Court of a county as to whether compensation for such services should or should not be allowed, and consequently no action would lie by a county clerk against his county for such services when the Commissioners' Court had rejected his claim therefor.  Justice Talbot dissents.

Appeal from the District Court of Navarro County.    Tried below before Hon. H. B. Daviss.

*Richard Mays,* for appellant.—The Act of 1897 repealed the Act of 1881 with reference to fees of the county clerk for ex-officio services, and thereafter, if not then, it was wholly discretionary with the Commissioners' Court, as to whether compensation for such services should or should not be allowed.    Acts of 25th Legislature, S. S., chap. 5. p. 5; 10 Gammel's Laws of Texas, pp. 1445, 1482; Act of 25th Legislature, S. S., chap. 15, p. 42; Act of 17h Leg., chap. 87, p. 99; 9 Gammel's Laws of Texas, p. 191; Stevens v. Campbell, 26 Texas Civ. App., 213; Sutherland Stat. Cnst:, secs. 147, 234; Ellis County v. Thompson, 95 Texas, 29.

*C. L. Jester,* for appellee.—The Act of 1897 did not repeal, either expressly or impliedly, the Act of 1881 with reference to the ex-officio salary of county clerks.    By the Act of 1897, the then existing laws with reference to salaries for ex-officio services of county clerks were left undisturbed.    Rev. Stats. 1879, arts. 2386, 2392, 2398, 2395; Acts 17th Leg., chap. 87, p. 99; 9 Gammel's Laws of Texas, 191; Rev. Stats. 1895, art. 2459; Sayles' Civ. Stats. 1897, arts. 2395C to 2495M; Acts

25th Leg., S. S. chap. 15, p. 42; 10 Gammel's Laws of Texas, 1445; secs. 10 and 11, Acts 1897, supra; Farmer v. Shaw, 93 Texas, 445; State v. Wofford, 90 Texas, 519; Duncan v. Taylor, 63 Texas, 649; Erwin v. Blanks, 60 Texas, 585; Taylor v. Hall, 71 Texas, 218; Hanrick v. Hanrick, 54 Texas, 109; Herndon v. Reed, 82 Texas, 65; Tarrant County v. Butler, 35 Texas Civ. App., 421; Ellis County v. Thompson, 95 Texas, 29.

TALBOT, ASSOCIATE JUSTICE.—On February 13, 1909, J. P. Howard instituted this suit against Navarro County for the recovery of $1,125, alleged to be due him for ex-officio services as county clerk of said county, for a period of two years and three months. Plaintiff alleged his election and qualification in 1906, and his re-election and qualification in 1908; that in the discharge of his duties as such clerk, he performed ex-officio services in relation to roads, bridges, issuing jury script and county warrants and taking receipts therefor, services in habeas corpus cases, making out bar dockets, keeping county convict book, keeping records of trust funds, filing and docketing all papers for Commissioners' Court, keeping road overseer's book, list of hands, record of collection and return of delinquent and insolvent taxes, list of lands sold for taxes, record of county treasurer's report, record of reports of justices of the peace, record of reports of animals slaughtered, services in connection with all elections, and all other public services where compensation or fees were not otherwise provided for, and that he continued to perform such duties during the time intervening between November 19, 1906, and November 21, 1908, and between November 21, 1908, and the 13th day of February, 1909. That for the performance of said ex-officio services he has received nothing; that under the law it was the duty of the Commissioners' Court of Navarro County, Texas, to allow him not less than $10, nor more than $25 per annum, for each one thousand inhabitants of said county; that the population of said county, according to the last census was 43,374, which population it now has. That for the ex-officio services so performed he was entitled to not less than $430, nor more than $500 per annum. That on February 10, 1909, plaintiff presented to the Commissioners' Court of Navarro County, then in regular quarterly session, his account for said ex-officio services, which account was made out in proper form and sworn to, and that he presented it to the county auditor of said county, who indorsed his recommendation thereon, to the effect that said account be allowed for not less than $860, and not more than $1000. That said account was taken up. considered and audited by said Commissioners' Court, and that, after due deliberation thereon, said court refused payment of said account in open session. That said ex-officio services were reasonably worth $1,125, and for which he prayed judgment.

The defendant answered by general demurrer, special exception and general denial. The demurrers were overruled, the case tried before the court without a jury, resulting in a judgment in favor of the plaintiff for the sum of $975.91, with interest at the rate of six percent per annum, and the defendant appealed.

The court filed the following conclusions of fact, which are adopted by this court, namely: "That plaintiff, J. P. Howard, was duly elected county clerk of Navarro County, Texas, on November 6, 1906; that he was qualified, and entered upon his duties as such upon November 20, 1906; that he was reelected and qualified as county clerk in November, 1908; and that he has continued to serve and act as such county clerk of Navarro County, Texas, from the date of his qualification in November, 1906, to the present time. That plaintiff, as county clerk of Navarro County, Texas, has performed all of the ex-officio duties required of him by law, as such county clerk, during all of the time from the date of his qualification in 1906 to the present time, except certain minor duties which were assumed and performed by the county auditor of Navarro County, for his own convenience. That the plaintiff, on February 10, 1909, presented to the county Commissioners' Court of Navarro County, Texas, for allowance and payment, his account for ex-officio services rendered from November 20, 1906, to November, 1908, for not less than $430 nor more than $500 per annum; that this account was, on February 10, 1909, audited, approved and endorsed by the county auditor of Navarro County, Texas: 'I recommend that the within account be allowed for a sum not less than $860 nor more than $1000. Reference is here made to article 2459 Rev. Stats.'; and that payment of this account was, on February 10, 1909, refused by the county Commissioners' Court of Navarro County, Texas. That plaintiff, on February 12, 1909, presented to the county Commissioners' Court of Navarro County, Texas, for allowance and payment, his account for $125 for ex-officio services rendered from November, 1908, to February, 1909; that this account was, on February 13, 1909, audited and approved and allowed for $107.50, by the county auditor of Navarro County; and that on February 13, 1909, the county Commissioners' Court of Navarro County, Texas, rejected and refused payment of said account. That the population of Navarro County, Texas, according to the last United States census, is 43,374; and that the amount due by Navarro County to J. P. Howard for ex-officio services, at the minimum rate of $10 per thousand, for each one thousand inhabitants within said county, would be $433.74 per annum, and that the amount due for such ex-officio services at the maximum rate, could not exceed $500 per annum."

The assignments complain alone of the court's action in overruling the defendant's general demurrer and in rendering judgment for plaintiff. The proposition urged is, that the Act of the Legislature of 1897 repealed the Act of 1881 with reference to fees of county clerks for ex-officio services, and thereafter, if not then, it was wholly discretionary with the Commissioners' Court as to whether compensation for such services should or should not be allowed. On the other hand, appellee contends that the Act of 1897 did not repeal, either expressly or impliedly, the Act of 1881 with reference to the ex-officio salary of county clerks, but that, by the Act of 1897, the then existing laws with reference to such salaries were left undisturbed. The trial court held with the plaintiff and gave judgment for him, as stated.

The Act of 1881 provides that county clerks shall receive for all

ex-officio services in relation to the matters in said Act named, and for other public services not otherwise provided for, to be paid upon the order of the Commissioners' Court out of the treasury, the sum of not less than ten dollars nor more than twenty-five dollars per annum, for each one thousand inhabitants of his county, the total amount in one year to be not less than fifty, nor more than five hundred dollars. This statute, we all agree, was mandatory, and a majority of the court are of opinion that in this respect it was repealed by the Act of 1897, and compensation for the ex-officio services therein referred to, left discretionary with the Commissioners' Court. The view taken is, that under existing laws prior to the passage of the Act of 1897, the compensation of certain district and county officers was out of proportion to the value of the services rendered by them, and that said Act manifests the legislative purpose and intent to deal with every kind or character of compensation to be allowed the officers named in said Act, and to limit the amount thereof within reasonable and proper bounds. Significant of this, as well as is certain of its provisions, is the caption of the Act. The pertinent language of the caption is as follows: "An Act to fix certain civil fees to be charged by certain county officers . . . and to limit and regulate the compensation of the . . . clerk of the county court . . . and to repeal all laws in conflict herewith." Section 10 of that Act provides: "The maximum amount of fees of all kinds that may be retained by any officer mentioned herein, as compensation for services, shall be as follows: . . . In counties in which there were, at the last presidential election, as many as 7500 votes, or by the census of 1900, shall contain as many as 37,500 inhabitants, the full amount of fees shall be allowed, viz.: . . . the clerk of the county court an amount not to exceed $2500 per annum; and in addition thereto, one-fourth of the excess fees collected by him."

In the case of Ellis County v. Thompson, 95 Texas, 22, our Supreme Court held that the phrase "fees of all kind" mentioned in the foregoing section of the Act of 1897, embraces every kind of compensation allowed by law to the clerk of the County Court, unless excepted by some provision of said Act.

Section 15 of the Act reads thus: "It is not intended by this Act, that the Commissioners' Court shall be debarred from allowing compensation for ex-officio services to county officials, not to be included in estimating the maximum provided in this Act, when in their judgment such compensation is necessary; provided, such compensation for ex-officio services shall not exceed the amount now allowed under the law for ex-officio services; provided further, the fees allowed by law to . . . county clerks . . . in suits to collect taxes, shall be in addition to the maximum salaries fixed by this Act."

That compensation for ex-officio services to be allowed by the Commissioners' Court, in its discretion, to county officers, not to exceed the amount authorized by the law upon the subject at the time of the passage of the Act of 1897, is excluded from the operation of said Act, is clear; but it is believed that the contention of appellee that, in respect to compensation to be allowed county clerks, the mandatory provision of the Act of 1881 remains unaffected by the Act of 1897, is

not sound. The language in section 15 of said last named Act, namely: "It is not intended by this Act that the Commissioners' Court shall be debarred from allowing compensation for ex-officio services to county officials, not to be included in estimating the maximum provided for in this Act, *when in their judgment such compensation is necessary,*" in the opinion of this court, especially when construed in connection with the caption of said Act and other provisions thereof; indicates with clearness and certainty that it applies to county clerks as well as to all other county officers, and so changes the former law as to leave the allowance of compensation to such clerks for ex-officio services entirely to the discretion of the Commissioners' Court. The paramount rule of construction is to ascertain the legislative intent and to give it effect. The Act of 1897 expressly repeals all laws in conflict therewith on the general subject of compensation to officers, and it would seem that to give the statute of 1881 the effect contended for by the appellee, and which was given to it by the trial court, puts it in direct conflict with the spirit and purpose, as well as the letter of the Act of 1897. This court is of the opinion that the provisions of said section 15 substitutes the discretion of the Commissioners' Court, within certain limits, for the arbitrary method of fixing the compensation of county clerks for ex-officio services, as contained in the Act of 1881. And the Commissioners' Court of Navarro County, having exercised their discretion under said Act and refused to allow the claim of appellee herein sued on, he has no cause of action therefor against said county.

The judgment of the court below is therefore reversed, and judgment here rendered for appellant.

*Reversed and rendered.*

Talbot, Associate Justice, dissents.
Writ of error refused.