WARD et al. v. HARRIS COUNTY.*
(No. 7639.)

(Court of Civil Appeals of Texas. Galveston. Jan. 9, 1919. Rehearing Denied Jan. 23, 1919.)

1. JUDGES ⬡⟹22(12)—COUNTY JUDGES—FEES.
Vernon's Sayles' Ann. Civ. St. 1914, art. 3881, declaring that the maximum amount of fees of all kinds that may be retained by a county judge shall not exceed $2,000 per annum, etc., includes all commissions allowed by law for the performance of official duty, and so includes the commissions paid the judge for making a sale of drainage bonds.

2. JUDGES ⬡⟹22(12)—COUNTY JUDGES—FEES.
Where a county judge has retained fees up to the maximum allowed by Vernon's Sayles' Ann. Civ. St. 1914, art. 3881, he cannot retain commissions for making a sale of drainage bonds on the ground that the commissions were paid out of the funds of the drainage district, and not the county; it being permissible for the Legislature to require payment by the drainage district of such commissions to aid the county.

3. JUDGES ⬡⟹22(12)—COUNTY JUDGES—FEES.
Where a county judge has retained fees up to the maximum allowed by Vernon's Sayles'

Ann. Civ. St. 1914, art. 3881, he cannot retain commissions for making a sale of drainage bonds on the ground that he would, if not allowed to retain such commissions, be required to perform extra duties imposed by the drainage act without compensation.

4. STATUTES ⬡⟹102(4)—SPECIAL LEGISLATION—VALIDITY.
The act creating the county court at law of Harris county (Vernon's Sayles' Ann. Civ. St. 1914, art. 1811–50), and providing that the county judge shall receive for the ex officio duties of his office not less than $1,500 a year, and the Harris county road act likewise providing extra compensation for the county judge, held, local special laws, regulating the affairs of the county and invalid under Const. art. 3, § 56, as to a matter which could be regulated by a general law.

5. JUDGES ⬡⟹22(2)—COMPENSATION—STATUTE—REPEAL.
Vernon's Sayles' Ann. Civ. St. 1914, art. 3893, enacted after the act to create the county court at law of Harris county, and declaring that the commissioners' court is debarred from allowing compensation to county officials when the compensation and excess fees which they are allowed to retain shall reach the maximum provided for, repealed the provision of the act creating the county court, which allowed the commissioners to fix ex officio compensation for the county judge.

6. STATUTES ⬡⟹141(1)—AMENDMENT—REFERENCE.
Acts 33d Leg. c. 121 (Vernon's Sayles' Ann. Civ. St. 1914, art. 3893), amending Rev. St. 1911, art. 3893, held valid, reference being sufficient, though Const. art. 3, § 36, requires the law as amended to be set out at length, the amendment, though changing the law, not amounting to a substitute.

7. JUDGES ⬡⟹22(12)—COUNTY JUDGE—COMPENSATION.
The per diem allowed county judges by Rev. St. 1911, art. 3870, is properly regarded as compensation or salary for ex officio services, and the county judge, having received the maximum compensation allowed him under the maximum fee bill, is not, under article 3893, as amended by Acts 33d Leg. c. 121 (Vernon's Sayles' Ann. Civ. St. 1914, art. 3893), entitled to retain such per diem as additional compensation.

Appeal from District Court, Harris County; Henry J. Dannenbaum, Judge.

Action by the County of Harris against W. H. Ward and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Cooper & Merrill, of Houston, for appellants.

Campbell, Amerman & Nicholson, of Houston, for appellee.

PLEASANTS, C. J. This suit was brought by appellee Harris county against appellant Ward, and the sureties upon his official

bond as county judge of said county, to recover the sum of $2,138.42, the alleged amount of fees of office collected by the appellant Ward during the fiscal year ending November 30, 1915, in excess of the maximum fees allowed by law, and the sum of $1,809.30 collected during the year ending November 30, 1916, in excess of such maximum allowance, with interest on said sums at the rate of 6 per cent. per annum from December 1, 1915, and December 1, 1916, respectively.

The questions hereinafter discussed and determined are raised by the record and properly presented by the brief of appellants.

The sums collected by appellant Ward and for which he contends he is not required to account to Harris county under the provisions of the statute limiting the amount of fees which he is entitled to receive and retain as county judge of said county are:

(1) Commissions for making sale of drainage bonds issued by drainage district No. 7 of Harris county.

(2) Compensation allowed him by the commissioners' court for ex officio services under the provision of the Harris county road law and the law creating the county court at law of Harris county.

(3) Moneys collected for hearing and disposing of applications for liquor licenses.

In event the Harris county road law and the law creating the county court at law for said county, in so far as said acts fix the compensation for ex officio services which may be allowed the county judge of said county by the commissioners' court, should be held invalid, Judge Ward claims that he is entitled to receive and retain the amount allowed under article 3870, Vernon's Sayles' Civil Statutes.

There is no fact issue in the case. The several sums claimed by the county in this suit were all shown in the annual reports of Judge Ward for the years in which they were received by him. In addition to these amounts he received for each of said years the maximum amount allowed him as county judge under the provisions of the general statute fixing the maximum fees allowed county officers.

The trial in the court below without a jury resulted in a judgment in favor of appellee for the full amount claimed in its petition.

[1] We cannot agree with appellants in their contention that the commissions received by the county judge for the sale of Harris county drainage district bonds are not included in the term "fees of all kinds," as that term is used in article 3881, Vernon's Sayles' Civil Statutes, fixing the maximum compensation allowed county officers. On the contrary, we think the decisions of our Supreme Court and Courts of Civil Appeals settle this question adversely to appellants' contention. The general purpose of the maximum fee bill was to limit the compensation received by the officers named therein for the performance of their official duties, and the term "fees of all kinds," as used in that act, has been expressly held to include commissions allowed by law for the performance of official duty, the commissions so allowed not being excepted from the maximum fee bill by any provision of the statute. City of Austin v. Johns, 62 Tex. 180; Ellis County v. Thompson, 95 Tex. 29, 64 S. W. 927, 66 S. W. 48; Lattimore v. Tarrant County, 57 Tex. Civ. App. 610, 124 S. W. 205; Navarro County v. Howard, 61 Tex. Civ. App. 335, 129 S. W. 857; Brown v. City of Amarillo, 180 S. W. 658; Curtin v. Harris County, 203 S. W. 453.

[2, 3] The fact that the commissions are paid out of the funds of the drainage district cannot affect the question. Under the drainage district act of this state the county, through its commissioners' court and other officers, is required to perform various services for the benefit of drainage districts, and it was entirely competent and proper for the Legislature to provide that the compensation allowed the officers of the county for such services should be paid out of the funds of the drainage district, and to give the county any compensation the county officers might receive for such services in excess of the compensation allowed them under the maximum fee bill. There is no provision of the drainage act exempting the commissions allowed the county judge for selling the bonds of the drainage district from the operation of the maximum fee bill, nor can such exemption be implied from the fact that the act imposes duties and responsibilities upon the county judge in addition to those imposed by the general law, and such officers in counties in which the compensation allowed by law for the performance of the other general duties of their office reaches the maximum compensation allowed under the maximum fee bill are required to perform the extra duties imposed by the drainage act without compensation. Curtin v. Harris County, 203 S. W. 453.

We do not think these views are in conflict with the holding of this court in the case of Harris County v. Hammond, 203 S. W. 445, that the incidental contingent profits which might be made by a sheriff out of the allowance fixed by the commissioners' court for feeding prisoners in the county jail should not be included in the terms "fees of all kinds" used in the maximum fee bill. As pointed out in the case cited, the allowance for feeding prisoners is not made nor intended primarily as a compensation for the performance of official duty. In making such allowance the court considers the original cost and the necessary cost of

the preparation of the food for the prisoners, and fixes the amount allowed for each prisoner per day at such sum as will provide him with necessary wholesome food. The allowances are fixed once a year, and while there is usually profit to the sheriff from feeding the prisoners for the fixed allowance, this is not necessarily the case, and it may well be that owing to fluctuation in the market price of foodstuffs and the cost of its preparation the sheriff may sustain a loss. If any profit accrues to a sheriff from such allowance such profit might be properly termed a perquisite of the office, but we cannot think it was the intention of the Legislature to include it in the term "fees of office."

The commission allowed the appellant in this case is a certain fixed compensation given him for the performance of an official duty, and, as has been expressly held in the cases cited, must be regarded as a fee of office in the purview of the maximum fee bill.

[4] It is next urged by appellants that the trial court erred in holding that the amount allowed the county judge for ex officio services under the provisions of the Harris county road law (Acts 33d Legislature, Regular Session, page 64) should be accounted for under the provisions of the maximum fee bill; and further erred in not holding that the county judge was entitled to the amount allowed him for ex officio services under the provision of the act creating the county court at law of Harris county (Vernon's Sayles' Civil Statutes, art. 1811–50).

The Harris county road law contains many provisions with respect to the power, duties, and compensation of the commissioners' court and the members thereof, but that portion of it having direct reference to the matter under consideration is found in section 32, page 70, and is as follows:

"* * * That the county judge shall receive as ex officio compensation not more than three thousand ($3,000.00) dollars per annum, to be fixed by the court, and shall receive no per diem."

Acting under this law the commissioners' court of Harris county, on November 1, 1914, fixed the ex officio salary of the county judge at $2,500 per year.

Section 33 provides that the provisions of the act shall be cumulative when not in conflict with the general law, and in case of conflict that the special act shall control.

Section 34 provides for the repeal of all laws and parts of laws in conflict.

The act creating the county court at law has this provision:

"The county judge of Harris county shall hereafter receive from the county treasury, in addition to the fees allowed him by law, such a salary for the ex officio duties of his office as may be allowed him by the commissioners' court

not less than fifteen hundred dollars per year." Vernon's Sayles' Ann. Civ. St. 1914, art. 1811–50.

Both of these laws are special acts of the Legislature, and in so far as they attempt to increase the salary of the county judge of Harris county over that fixed by the general law for county judges in the other counties of the state in the same class as Harris county, as classified by the general law, is, we think, clearly obnoxious to article 3, section 56, of the Constitution of this state, and to that extent must be held invalid. The article of the Constitution above cited prohibits the Legislature from passing any local or special law "regulating the affairs of counties, cities, towns, wards or school districts," and from passing any local or special law where a general law can be made applicable. It seems clear to us that the fixing of the compensation to be paid a county judge by a particular county is a regulation of the affairs of the county within the purview of this article of the Constitution. This identical question has been passed upon by our Supreme Court. After the enactment of the special road law for Harris county the enactment of a similar road law was procured for Bexar county, which attempted to fix the ex officio compensation of the county judge at not less than $2,500, and of the county commissioners at $2,400 per annum. The question of the constitutionality of said act in this respect was raised, and the court, speaking through Chief Justice Phillips, in reference thereto, said:

"Just what relation a local lawmaking provision for a county road system can properly have to the subject of the general compensation of county commissioners it is difficult to perceive. No doubt the Legislature, in the passage of local road laws, may, within proper bounds, provide compensation for extra services to be performed by those officials where uncontrolled by general laws and required by such local laws and directly connected with the maintenance of the public roads. We are not called upon to determine that question here. But under the guise of such a law it has no authority to legislate upon the subject of their general compensation or to alter the general laws governing. * * *

"As indicating the broad scope of this act and throwing light upon the purpose of section 5, though essentially a local law, and denominated as an act making provision for a road system for Bexar county, it attempts in another section to fix the ex officio salary of the county judge at not less than $2,500." Altgelt v. Gutzeit (Sup.) 201 S. W. 400.

This decision of the Supreme Court only reiterates and recognizes the law upon this question which had been declared in the case of Hall v. Bell County, 138 S. W. 181. That case involved the construction of an amendment to the general auditor's law, which amendment had undertaken to except Bell

county from the provision thereof by express mention. The county auditor of Bell county brought suit against the county, and the county judge and the commissioners' court seeking to compel them to pay his salary and to permit him to discharge the duties of his office, claiming that the amendment to the auditor's law, above mentioned, in so far as it sought to except Bell county from its operation, was in violation of the section of the Constitution above referred to. The court, in determining that question, said:

"As shown above, the law providing Bell county with an auditor is a general law regulating county affairs; and, having held that the subsequent statute attempting to remove Bell county from the operation of that law is a local and special law, the question remains: Does the mere exception of a county from the operation of that law have the effect of regulating county affairs? And we think that question must be answered in the affirmative.

"The word 'regulating,' as used in the Constitution, should not be given a narrow or technical signification. If the result of legislation is to repeal or materially change any law controlling or affecting the collection, safe-keeping or disbursement of county funds, such legislation, within the purview of the Constitution, is a law regulating county affairs. If the act exempting Bell county from the statute requiring a county auditor is valid and enforced, then material changes in the county's affairs will necessarily result. * * *

"We have already given reasons for holding that it is a local or special law, and we now add that, as its sole object was to regulate the affairs of Bell county, that fact is conclusive proof that it is a special law."

What was said by the Supreme Court and by the Court of Civil Appeals, in the two cases above quoted from, may be said with equal force and propriety in reference to the two acts making a special road law for Harris county and creating the Harris county court at law.

[5] If the provision in the act creating the county court at law of Harris county, fixing the salary of the county judge, could be held constitutional it could not avail appellants because it was repealed by the subsequent act of the Legislature amending the maximum fee bill act, which amendment provides:

"The commissioners' court is hereby debarred from allowing compensation * * * to county officials when the compensation and excess fees which they are allowed to retain shall reach the maximum provided for in this chapter." Article 3893. Vernon's Sayles' Civil Statutes.

[6] Counsel for appellants contend that this amendment of article 3893, enacted by the Legislature of 1913 (Acts 33d Leg. c. 121 [Vernon's Sayles' Ann. Civ. St. 1914, art. 3893]), is unconstitutional, in that the subject thereof is not expressed in the title of the act, as required by section 35 of article 3 of the Constitution. The title of the amendatory act is as follows:

"An act to amend articles 3881, 3882, 3883, 3887, 3889, 3893, 3897, 3898 and 3903 of the Revised Civil Statutes of the State of Texas of 1911."

The provision of article 3893 of the Revised Civil Statutes of 1911 is as follows:

"*Compensation for Ex Officio Services, etc., may be Allowed by Commissioners' Court—Proviso.*—It is not intended by this chapter that the commissioners' court shall be debarred from allowing compensation for ex officio services to county officials not to be included in estimating the maximum provided for in this chapter, when, in their judgment, such compensation is necessary; provided, such compensation for ex officio services shall not exceed the amounts now allowed under the law for ex officio services; provided, further, the fees allowed by law to district and county clerks, county attorneys and tax collectors in suits to collect taxes, shall be in addition to the maximum salaries fixed by this chapter."

Our Supreme Court has repeatedly held that in amending an existing article of the Revised Statutes a reference in the title or caption of the act to the article of the statute sought to be amended is sufficient, and it is not necessary in order to avoid the prohibition of section 36, art. 3, of the Constitution to set out at length the entire law as amended. Clark v. Finley, 93 Tex. 171, 54 S. W. 344; Mortgage Co. v. Hardy, 93 Tex. 298, 55 S. W. 169; Ward Co. v. Carpenter (Sup.) 200 S. W. 521.

Counsel concede that this is the settled rule, but insist that the act in question is invalid because its title indicates that it is an amendment to the former statute when it is in fact a substitute therefor.

We do not think this insistence is sound. The recognized distinction between an amendment and a substitute may be of some importance in determining the sufficiency of the title of a legislative act, but we do not think that distinction can be made in this instance. The original and amended articles relate to the same subject, and both authorize the commissioners' court to allow ex officio salaries to county officers. In the original article ex officio salaries in excess of the compensation allowed by the maximum fee bill was limited to amounts allowed under the law existing at the time the maximum fee bill was enacted. The new act changes this provision by prohibiting any ex officio salaries in excess of the compensation allowed by the maximum fee bill. Any amendment of an existing law changes to some extent the meaning and effect of the law, otherwise it would be futile, and the fact that this amendment, in the language of counsel, "establishes a complete change in the legislative policy of the state with respect to ex officio allowance to county officers" does not render it invalid. Be-

ing a later law upon the same subject and in direct conflict with the statute · allowing an ex officio salary for the county judge of Harris county in excess of the compensation allowed by the maximum fee bill, it must be given the effect of repealing that statute, notwithstanding it has no express repealing provision.

[7] The only grounds upon which appellants claim the right to retain the fees allowed the county judge for disposing of applications for liquor licenses is, that such fees not being provided for in the Revised Statutes under the title under which maximum fee bill is found, by the express terms of article 3924 of the fee bill statute, said fees are not affected by the provisions of said statute. This question was decided by us in the case of Harris County v. Hammond, 203 S. W. 445, and we there held that article 3924, not having been a part of the maximum fee bill statute, and having no connection therewith, and not referring thereto when it was passed, the fact that it was placed by the codifiers of the Revised Statutes under the same title as the maximum fee bill would not give it an effect not contemplated by the Legislature in its passage. We do not care to add anything to what was said in the case referred to upon this subject.

Our conclusion that the amendment to article 3893 of the Statutes is not invalid determines the question of appellant's right to retain the compensation allowed him under article 3870. Such compensation is properly regarded as compensation or salary for ex officio services, and appellant Ward having received the maximum compensation allowed him under the maximum fee bill is not, under article 3893, entitled to receive any additional compensation as ex officio salary.

This disposes of all the questions presented by appellants' brief, and it follows from the conclusion above stated that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.