

# The Attorney General of Texas

March 14, 1984

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711-2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Margaret Moore
Travis County Attorney
P. O. Box 1748
Austin, Texas    78767

Honorable Jorge A. Solis
Criminal District Attorney
Taylor County Courthouse
Abilene, Texas    79602

Opinion No. JM-135

Re: Whether a taxing unit other than a county may impose the penalty authorized by section 33.07 of the Tax Code, where such taxing unit is under contract with the county to enforce delinquent tax collections and whether such charge may be imposed when such taxing unit is under contract with a city

Dear Ms. Moore and Mr. Solis:

You inquire about the circumstances under which a penalty authorized by section 33.07 of the Tax Code may be imposed by a taxing unit. Ms. Moore asks the following question:

> Is it permissible for a taxing unit other than a county to impose the penalty as provided in section 33.07 of the Tax Code to defray costs of collection, if such taxing unit is under contract with the Travis County Attorney to enforce the collection of that unit's delinquent taxes?

Mr. Solis asks:

> Under the following facts, may the city of Abilene or the Abilene Independent School District charge the fifteen percent penalty on delinquent taxes pursuant to section 33.07 of the Tax Code? Taxes for the city and the school are collected by the Taylor County tax assessor-collector. The city and the school use the office of the city attorney of Abilene to enforce the collection of delinquent taxes.

Neither of you has included copies of the contracts at issue for our inspection. Therefore, we cannot comment on the specific terms and validity of any such contracts. Your questions could logically arise in three different contexts. The question could arise, first,

in connection with a contract between the county or city attorney in his capacity as private attorney, and another taxing unit. However, it is unnecessary to discuss this situation, because it is clear from the context of your questions that you are concerned with contracts in which a county or city attorney acts in his <u>official</u> capacity. Second, the question could arise in connection with a contract between the county attorney or city attorney in his <u>official</u> capacity and another taxing unit. Third, the question could arise in connection with a contract between a county or city and another taxing unit executed pursuant to the Interlocal Cooperation Act, article 4413(32c), V.T.C.S. We shall address the latter two issues in turn.

We conclude that it is not permissible for a taxing unit other than a county to impose the penalty if that unit has contracted directly with the county or city attorney in his official capacity. In such an instance each attorney lacks the contractual capacity necessary to enter into such a contract. We further conclude that such a penalty may not be imposed by virtue of a contract properly executed pursuant to the Interlocal Cooperation Act, article 4413(32c), V.T.C.S.

Section 33.07 of the Tax Code provides as follows:

> (a) A taxing unit or appraisal district may provide, in the manner required by law for official action by the body, that taxes that remain delinquent on July 1 of the year in which they become delinquent incur an additional penalty to defray costs of collection, <u>if the unit or district or another unit that collects taxes for the unit has contracted with an attorney pursuant to Section 6.30 of this code</u>. The amount of the penalty may not exceed 15 percent of the amount of taxes, penalty, and interest due.

> (b) A tax lien attaches to the property on which the tax is imposed to secure payment of the penalty.

> (c) If a penalty is imposed pursuant to this section, a taxing unit may not recover attorney's fees in a suit to collect delinquent taxes subject to the penalty.

> (d) If a taxing unit or appraisal district provides for a penalty under this section, the collector shall deliver a notice of delinquency and of the penalty to the property owner at least 30 and not more than 60 days before July 1. (Emphasis added).

Before a section 33.07 penalty may be imposed, a contract with an attorney for delinquent tax collection services must first be executed pursuant to section 6.30 of the code. The code permits such contracts to be executed in two ways. First, section 6.30 provides that the governing body of a taxing unit other than a county may determine who represents the unit to enforce the collection of delinquent taxes and may contract with any competent attorney. Subsection (b) specifically provides that, if a taxing unit collects taxes for another taxing unit, the attorney representing the collecting unit may also represent the other unit with the consent of its governing body. Second, section 6.24 provides·that an Interlocal Cooperation Act contract for assessment and collection services may additionally provide for the collecting unit to contract with an attorney for the enforcement of delinquent tax collection, as provided by section 6.30 of the code. We first shall discuss whether and under what circumstances a county attorney or a city attorney may enter directly into a section 6.30 contract. Then we shall turn to an examination of section 6.24 and the Interlocal Cooperation Act.

We conclude that a county or city attorney may not in his official capacity, enter into a section 6.30 contract. Section 6.30 of the Tax Code provides the following:

> (a) The county attorney or, if there is no county attorney, the district attorney shall represent the state and county to enforce the collection of delinquent taxes if the commissioners court does not contract with a private attorney as provided by Subsection (c) of this section.
>
> (b) The governing body of a taxing unit other than a county may determine who represents the unit to enforce the collection of delinquent taxes. If a taxing unit collects taxes for another taxing unit, the attorney representing the unit to enforce the collection of delinquent taxes may represent the other unit with consent of its governing body.
>
> (c) The governing body of a taxing unit may contract with any competent attorney to represent the unit to enforce the collection of delinquent taxes. The attorney's compensation is set in the contract, but the total amount of compensation provided may not exceed 20 percent of the amount of delinquent tax, penalty, and interest collected.
>
> (d) To be effective, a contract with an attorney for the collection of state taxes must be

approved by the State Property Tax Board and the
attorney general.

(e) A contract with an attorney that does not
conform to the requirements of this section is
void. (Emphasis added).

As we noted in Attorney General Opinion JM-14 (1983), in order to
impose the additional penalty, a taxing unit must contract with an
attorney pursuant to section 6.30 of the code. That opinion,
concluded that Harris County could not impose the additional penalty
when the Harris County Attorney represented his county in collecting
delinquent taxes, because the county lacks authority to contract with
its own attorney. The county attorney has a statutory duty to enforce
collection of delinquent state and county taxes, and he may not
contract to receive extra compensation from the county for performing
his statutory duty. See V.T.C.S. art. 336; Hill Farm, Inc. v. Hill
County, 425 S.W.2d 414 (Tex. Civ. App. - Waco 1968), aff'd 436 S.W.2d
320 (Tex. 1969); Jones v. Veltmann, 171 S.W. 287 (Tex. Civ. App. - San
Antonio 1914, writ ref'd); Attorney General Opinions O-3656 (1941);
O-2610 (1940); O-864 (1939); cf. Attorney General Opinion MW-483
(1982).

Article 336, V.T.C.S., prohibits, inter alia, the county attorney
from receiving compensation to prosecute any case which he is required
by law to prosecute. In Lattimore v. Tarrant County, 124 S.W. 205,
207 (Tex. Civ. App. - 1909, no writ), the court construed article 336,
V.T.C.S., and declared the following:

[T]he commissioners' court may lawfully employ the
county attorney to represent the interest of their
[sic] county in any cause where such duty is not
enjoined upon him by law. Browning v. Tarrant
County, 111 S.W. 748. In other words, [article
336, V.T.C.S.], which makes it unlawful for a
county attorney to accept any fee, article of
value, compensation, reward or gift, for the
prosecution of any case, or for services in any
case, applies only to cases where he 'is required
by law to prosecute.'

In this instance, neither the county attorney nor the city attorney is
required by statute to enforce delinquent tax collections on behalf of
other taxing units. However, the absence of a statutorily imposed
duty does not amount to a grant of authority permitting either a
county attorney or a city attorney to enter directly and in his
official capacity into a section 6.30 contract.

Section 6.30(c) of the code provides that "[t]he governing body
of a taxing unit may contract with any competent attorney to represent
the unit to enforce the collection of delinquent taxes." (Emphasis

added). In this instance, neither a county attorney nor a city attorney has been granted the contractual capacity to enter into such a contract while acting in an official capacity. Generally, a public officer has no authority to perform an act not authorized or required of him by law. Duncan v. State, 67 S.W. 903 (Tex. Civ. App. - 1902, no writ).

> All public offices and officers are creatures of law. The powers and duties of public officers are defined and limited by law. By being defined and limited by law, we mean the act of a public officer must be expressly authorized by law, or implied therefrom . . . . It follows from the above that public officers may make only such contracts for the government they represent as they are authorized by law to make. (Emphasis added).

Fort Worth Cavalry Club v. Sheppard, 83 S.W.2d 660, 663 (Tex. 1935). A county attorney may exercise only that authority conferred upon him by statute. See County of Ward v. King, 454 S.W.2d 239 (Tex. Civ. App. - El Paso 1970, writ dism'd); Wexler v. State, 241 S.W. 231 (Tex. Civ. App. - Galveston 1922, no writ); Spencer v. Galveston County, 56 Tex. 384 (1882); Attorney General Opinions O-4301 (1942); O-1040 (1939). A city attorney possesses those powers conferred upon him by statute or by city charter or ordinance. In this instance, there is no statutory authority permitting either a county or city attorney acting in his official capacity to enter into such a contract.

It has been suggested that the following sentence of section 6.30(b) of the code confers such authority: "If a taxing unit collects taxes for another taxing unit, the attorney representing the unit to enforce the collection of delinquent taxes may represent the other unit with consent of its governing body." We disagree. We believe this language merely permits an attorney who represents a collecting taxing unit to also represent the unit for which taxes are to be collected. It does not confer authority to also contract with the unit for which taxes are to be collected. As we noted earlier, a county attorney is authorized to represent his county in enforcing delinquent tax collection, but he may not contract with his own county to perform such services. When a county contracts with a taxing unit to assess and collect taxes for it, the above-quoted sentence of section 6.30(b) merely permits the county attorney to also represent the taxing unit with the consent of that unit's governing body.

We next address section 6.24, which permits any taxing unit contracting under the Interlocal Cooperation Act for assessment and collection services to also contract for delinquent tax collection services on the other unit's behalf. Section 6.24 of the Tax Code provides the following:

(a) <u>The governing body of a taxing unit other
than a county</u> may contract as provided by the
Interlocal Cooperation Act with <u>the governing body
of another unit</u> or with the board of directors of
an appraisal district for the other unit or the
district to perform duties relating to the
assessment or collection of taxes.

(b) The commissioners court with the approval
of the county *assessor-collector* may contract as
provided by·the Interlocal Cooperation Act with
the governing body of another taxing unit in the
county or with the board of directors of the
appraisal district for the other unit or the
district to perform duties relating to the
assessment or collection of taxes for the county.
If a county contracts to have its taxes assessed
and collected by another taxing unit or by the
appraisal district, the contract shall require the
other unit or the district to assess and collect
all taxes the county is required to assess and
collect.

(c) To be effective, a contract between a
county and another taxing unit or an appraisal
district for the assessment and collection of
state taxes must be approved by the State Property
Tax Board.

(d) <u>A contract under this section may provide
for the entity that collects taxes to contract
with an attorney, as provided by Section 6.30 of
this code, for collection of delinquent taxes.</u>
(Emphasis added).

The Interlocal Cooperation Act, article 4413(32c), V.T.C.S., is
merely intended to "improve the efficiency and effectiveness of local
governments by authorizing the fullest possible range of
intergovernmental contracting authority at the local level." V.T.C.S.
art. 4413(32c), §1. As this office declared in Attorney General
Opinion H-28 (1973):

The Interlocal Cooperation Act only authorizes
local governments to contract for another local
government to perform for it a service which all
the parties 'are legally authorized to perform.'

V.T.C.S. art. 4413(32c), §4(b). <u>See also</u> Attorney·General Opinions
MW-347 (1981); H-1019, 1018 (1977); H-454, 392, 345, 279 (1974). The
very terms of section 6.24 permit an Interlocal Cooperation Act
contract to provide for the collecting entity to contract with an

attorney for the enforcement of delinquent tax collection, as provided by section 6.30 of the code. And as we have noted, section 6.30 does not confer upon any public official the authority to enter into, in his official capacity, a contract for the enforcement of delinquent tax collection. Accordingly, a taxing unit which contracts with a city or county for the enforcement of delinquent tax collection may not impose the additional penalty as authorized by section 33.07 of the Tax Code when the county attorney or city attorney represents his jurisdiction respectively in such matters.

## S U M M A R Y

Neither a county attorney nor a city attorney possesses the contractual capacity to enter into contract for the enforcement of delinquent tax collection, while acting in his official capacity. No taxing unit which contracts with either a county or a city for delinquent tax collection may impose the additional penalty permitted by section 33.07 of the Tax Code when the county attorney or the city attorney represents the county or city, respectively, in the enforcement of delinquent tax collection.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Jim Moellinger
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton