

# THE ATTORNEY GENERAL
## OF TEXAS

August 6, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Gary A. Goff          Opinion No.  JM-763
Hockley County Attorney
Courthouse                      Re:  Whether a county attorney who
Levelland, Texas    79336       is appointed to serve as a special
                                prosecutor for another county may
                                be paid for his services

Dear Mr. Goff:

You ask whether an individual who contracts to serve as a special prosecutor may be paid for his services under the following circumstances:

> A police lieutenant was charged with tampering with a government record. Hockley County District Attorney Warren Tabor, Jr. was disqualified because he was a potential witness in the case, so the services of a special prosecutor was required.
>
> Dwayne Pruitt, an attorney in Brownfield, Texas was contacted concerning the special prosecution. Mr. Pruitt has a private law practice, but also serves as a county attorney with felony prosecution powers for Terry County. He was not elected under the Professional Prosecutor Act. It was in his capacity as a private attorney that Mr. Pruitt was approached about serving as the special prosecutor in this case.
>
> Subsequently, the Hockley County Commissioners Court entered into a verbal agreement with Mr. Pruitt in his capacity as a private lawyer to represent Hockley County as a special prosecutor and he was appointed to the position by the district judge.
>
> Mr. Pruitt has discharged his duties as a special prosecutor for Hockley County, but a question has arisen concerning the applications of section 2.07(b) of the Code of Criminal Procedure. Does the statute prohibit Hockley County paying

>      Mr. Pruitt for his services performed in his
>      private capacity as contracted?

From the facts you have related we will assume that trial was in Hockley County for an offense alleged to have occurred in that county.

Your conclusions that the county attorney of Terry County has authority to perform the duties of district attorney in Terry County, and that the office he holds does not fall within the provisions of the Professional Prosecutors Act, are supported by sections 45.323 and 46.002 of the Government Code.

Your concern relative to the authority of the Hockley County Commissioners Court to pay the county attorney of Terry County for his services as a special prosecutor in Hockley County is prompted by the prohibitions appearing in article 2.07 of the Code of Criminal Procedure.  Article 2.07 provides:

>      (a) Whenever an attorney for the state is
>      disqualified to act in any case or proceeding, is
>      absent for the county or district, or is otherwise
>      unable to perform the duties of his office, or in
>      any instance where there is no attorney for the
>      state, the judge of the court in which he repre-
>      sents the state may appoint any competent attorney
>      to perform the duties of the office during the
>      absence or disqualification of the attorney for
>      the state.

>      (b) If the appointed attorney is also an
>      attorney for the state, <u>the duties of the
>      appointed office are additional duties of his
>      present office, and he is not entitled to
>      additional compensation</u>.

>      (c) If the appointed attorney is not an
>      attorney for the state, he is qualified to perform
>      the duties of the office for the period of absence
>      or disqualification of the attorney for the state
>      on filing an oath with the clerk of the court.  He
>      shall receive compensation in the same amount and
>      manner as an attorney appointed to represent an
>      indigent person.

>      (d) In this article, 'attorney for the state'
>      means a county attorney, a district attorney, or a
>      criminal district attorney.  (Emphasis added).

Sections (b) and (c) of article 2.07 of the Code of Criminal Procedure establish two distinct classes from which the appointed attorney may be drawn. It contemplates that any one individual will be either an attorney for the state or not an attorney for the state. One person cannot be in both classes at the same time even if he maintains a private practice during his term as county attorney.

Section 41.004 of the Government Code prohibits a county attorney from receiving compensation to prosecute any case that he is required by law to prosecute. See Hill Farm, Inc. v. Hill County, 425 S.W.2d 44 (Tex. Civ. App. - Waco 1968), aff'd, 436 S.W.2d 320 (Tex. 1969); Jones v. Veltmann, 171 S.W. 287 (Tex. Civ. App. - San Antonio 1914, writ ref'd); Attorney General Opinion MW-483 (1982). In counties not subject to the Professional Prosecutors Act, a county attorney generally may receive compensation for performing services, whether for the county for whom he is an officer or for someone else, where no duty to perform such services is imposed by law. See Lattimore v. Tarrant County, 124 S.W. 205 (Tex. Civ. App. 1909, no writ); Browning v. Tarrant County, 111 S.W. 748 (Tex. Civ. App. 1908, no writ). The attorney of one county is under no general legal obligation to act as attorney pro tem for another county; therefore, absent some specific prohibition that acts as an exception to this general rule, a county attorney of one county acting as attorney pro tem for another county would not be prohibited from receiving compensation for performing such services. Article 2.07 of the Code of Criminal Procedure acts as such an exeption. Under article 2.07, if the appointee is an attorney for the state, he will not receive additional compensation for serving a special prosecutor. If on the other hand, he is not an attorney for the state, he may receive compensation for his service. An "attorney for the state" includes a county attorney. Code Crim. Proc. art. 2.07(d). Mr. Pruitt, the attorney for Terry County, is therefore an attorney for the state who is not entitled to additional compensation for service as a prosecutor.

When the appointed attorney is an attorney for the state, article 2.07(b) of the Code of Criminal Procedure sets out two legal consequences: (1) the duties of the appointed office are additional duties of his present office; (2) he is not entitled to additional compensation for performing those additional duties. By enacting these conditions, the legislature may have intended to avoid possible violations of article XVI, section 40 of the Texas Constitution, which provides that:

> No person shall hold or exercise at the same time, more than one civil office of emolument. . . .

Tex. Const. art. XVI, §40. See Texas Turnpike Authority v. Shepperd, 279 S.W.2d 302 (Tex. 1955) (provision naming highway commissioners as uncompensated ex-officio directors of toll road authority does not

violate article XVI, section 40 of the Texas Constitution). The prohibition on compensation found in article 2.07(b) may have been viewed by the legislature as absolutely essential to enable an attorney for the state to replace another attorney for the state under article 2.07(a). Article 2.07(b) of the Code of Criminal Procedure prohibits Hockley County from paying the county attorney of Terry County for his service as a special prosecutor pursuant to article 2.07(a) of the Code of Criminal Procedure.

### S U M M A R Y

Article 2.07(b) of the Code of Criminal Procedure prohibits Hockley County from paying the county attorney of Terry County for his service as a special prosecutor pursuant to article 2.07(a) of the Code of Criminal Procedure.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General