O. M. DUCLOS ET AL. V. COUNTY OF HARRIS.

No. 4005.   Decided June 28, 1924.

(263 S. W., 562).

1.—Constitution—Local or Special Laws—County Affairs.

An Act of the Legislature increasing the compensation of the clerk of the District Court in a particular county over that allowed such officers elsewhere and by general law, is a local law regulating the affairs of that county, such as is forbidden by article 3, section 56, of the Constitution. The fact that it is part of a general law creating an additional District Court in such county, and valid in all other respects, does not cure the unconstitutionality of this particular provision.   (Pp. 151, 152).

2.—Same—District Clerk—Compensation.

A clerk is an essential to a district court, and each county is by law provided with one, and his compensation provided for in a general fee bill, of all which the courts will take judicial notice.   The Act of June 3, 1915 (Laws, 1st Called Sesssion, 34th Leg., ch. 19, p. 37) creating a new district court in Harris County, and in its other provisions valid as a general law, was, as to the provision therein concerning the compensation of the district clerk of the county for services as clerk of such court beyond the amount permitted other such clerks by the Maximum Fee Law, invalid as being such a local law as is prohibited by article 3, section 56, of the Constitution.   (Pp. 151, 152).

3.—Local or Special Law—Notice.

Increasing the compensation of the district clerk in a particular county being such a local law as the Legislature was prohibited from passing, it would not be rendered valid by being enacted after due publication of notice such as is required for local or special acts.   (P. 152).

Error to the Court of Civil Appeals for the First District, in an appeal from Harris County.

The suit was by the county against Duclos and his bondsmen as district clerk, and plaintiff recovered judgment.   Defendants appealed; and on affirmance (251 S. W., 569) obtained writ of error.

*Fullbright, Crooker & Freeman*, and *John H. Crooker*, for plaintiffs in error.

The court erred in rendering judgment for the plaintiff on the theory that the Act of the Legislature is local and special and there-

fore unconstitutional, for the reason that even though such act be local or special and upon a subject enumerated in Article III, Section 56, of our Constitution, still it will be conclusively presumed in the absence of pleadings and proof to the contrary, that the notice of its passage required by Article III, Section 57 of our Constitution was given and that the act is therefore valid. Article III, Section 57, Texas Constitution; Article V, Section 1, 3, Texas Constitution; Chapter 19, General Laws, Texas; First Called Session, 34th Legislature, p. 37 to 40; Article 30, Sec. 80, Complete Texas Statutes, 1920; Cooley's Constitutional Limitations, 2189; 12 C. J., Page 698, Sec. 39; Moller v. City of Galveston, 23 Texas Civ. App., 693, 57 S. W., 1116; Thompson v. State, 23 Texas Civ. App., 370, 56 S. W., 603; Cravens v. State, 122 S. W., 31; State Ex Rel. Richardson v. Larkin, 41 Texas Civ. App., 253, 90 S. W., 917; Teem v. State. 183 S. W., 1150; King v. Terrell. 218 S. W., 44; St. L. & S. W. Ry. v. Smith, 20 Texas Civ. App., 451, 49 S. W., 627, affirmed, 181 U. S., 284, 21 Sup. Ct., 603, 45 Law Ed. 847; Lovelady v. State, 74 Sou., 734; Hale County v. Lubbock County, 194 S. W., 681.

The act in question was not local or special, because upon a subject in which the people of the state at large were interested. Clarke & Courts v. Reeves County, 25 Texas Civ. App., 463, 61 S. W., 981; Reed v. Rogan, 94 Texas, 177, 59 S. W., 255; Sutherland, Stat. Const., 624, 344-346; State v. Yancy, 123 Mo., 391, 27 S. W., 381; State v. Hughes, 104 Mo., 459, 16 S. W., 490; Conner v. Mayor, etc., 5 N. Y., 285; Phillips v. Mayor, etc., 1 Hilt., 483; State v. Lean, 9 Wis., 279; Burnham v. Acton, 35 How. Prac., 48, 7 Rob. Prac., 395; West v. Blake, 4 Blachf., 232.

The act was not local or special, because it was general in its application in that portion of the state to which it applied. Orr v. Rhine, 45 Texas, 345; State ex rel. Hawes v. Mason (Mo.) 54 S. W., 525.

The act is not local or special because its subject-matter furnished a valid basis of classification. Orr v. Rhine, 45 Texas, 345; Reed v. Rogan, 94 Texas, 177, 59 S. W., 255; Binney, Local and Special Legislation, 15; Sutherland, Stat. Const., 353; 12 Corpus Juris, 929, 1129, 1130; 26 A. & E. Enc. of Law, 683; Black's Const. Law, 388, 395, 397; Brannon, Fourteenth Amendment, 321, 322; Ex parte Townsend, 144 S. W., 636; Hare's Am. Const. Law, 766, 767; 6 Ruling Case Law, 183, 189; Smith v. Grayson County, 18 Tex. Civ. App., 153, 44 S. W., 921; Cyc. of Am. Govt., 443, 444; 8 Cyc., 728.

The fact that a preceding legislature may have considered that a general law upon the subject could be made applicable is not binding upon a succeeding legislature. (See City of Indianapolis v. Navin, 151 Ind., 139, 47 N. E., 525, 41 L. R. A., 337; City of Oak Cliff v. State, 77 S. W., 26.)

Even if a local or special law is passed, it cannot be held void because alone of the constitutional provision requiring general laws, etc., as the passage of such local law on the subject will be taken as the judgment of the legislature that the case was not one that could be proceeded for by general law. (Beyman v. Black, 47 Texas 567. See also, 36 Cyc. 991.)

None of the provisions of the statute will be held unconstitutional when they all relate directly or indirectly to the main subject, having material connection and are not foreign to the subject expressed in the title. Altgelt v. Gutzeit, 187 S. W., 222; Lewis, Sutherland's Statutory Construction, paragraph 118; Austin v. Railway Co., 45 Texas, 265; Tadlock v. Eccles, 20 Texas, 793; Johnson v. Martin, 75 Texas, 40; Joseph v. State, 54 Texas Crim. 61, 109 S. W., 176; Ex Parte Abrams, 120 S. W. 883; Howth v. Greer, 40 Texas Civ. App., 552, 90 S. W., 211.

The compensation allowed by the provisions of a legislative act to a district clerk for services performed in a particular court created by such act is incidental and germane to the general provisions of such act creating the court in question.

*E. R. Campbell,* for defendant in error. (*Louis, Campbell & Nicholson* were on brief on appeal).

The act in question, in so far as it undertakes to enlarge the compensation of the District Clerk of Harris County and fix it at a different and greater amount than that allowed by general law to be retained by District Clerks of other counties of the same class as Harris County, under the terms of the general fee bill, is a special and local law, regulating the affairs of Harris County, and in reference to a matter covered by general law applicable thereto, and was therefore void, because violative of Section 56, Article 3, of the Constitution of the State. That it is a local and special law, see: Clark v. Finley, 93 Texas, 178-81, 54 S. W., 345; Smith v. Grayson Co., 18 Texas Civ. App., 153, 44 S. W., 922; Holley v. State, 14 Texas App., 514; Hall v. Bell Co., 138 S. W., 178; Bell County v. Hall, 105 Texas, 558, 153 S. W., 121; Ward v. Harris Co., 209 S. W., 794; Lytle v. Halff, 75 Texas, 137; Railway v. Martin, 86 S. W., 26; Railway v. Hall, 98 Texas, 480, 85 S. W., 788; Brown v. State, 112 S. W., 86; Smith v. State, 113 S. W., 290; Com. v. Patton, 88 Pa. St., 258; State v. Hill, 147 Mo., 63, 47 S. W., 798; Ashbrook v. Schaub, 160 Mo., 107, 60 S. W., 1086; State v. Kring, 74 Mo., 612; Henderson v. Koenig, 168 Mo., 356, 68 S. W., 72; Philadelphia Co. v. Sheehan, 107 Atl. (Pa.) 14; Laplacca v. Phila. Rapid Transit Co., 108 Atl. (Pa.), 612; Territory v. Gutierrez, 78 Pac. (N. M.), 139;

State v. Vincent, 217 S. W., 405, 235 S. W., 1084; Garrett v. Comrs. Court, 230 S. W., 1010, 236 S. W., 970.

That it, in such respect, regulates the· affairs of Harris County, see: Hall v. Bell Co., *supra;* Altgelt v. Gutzeit, 187 S. W., 222; reversed, 109 Texas, 123, 201 S. W., 400; Ward v. Harris Co., *supra;* State v. Hill, *supra;* Ashbrook v. Schaub, *supra;* State v. Etchman, 189 Mo., 648, 88 S. W., 647; Com. v. Patton, *supra;* Gutierrez case, *supra;* State v. Boice, 39 N. E. (Ind.), 64; Bank v. Cheney, 94 Ill., 431; Philadelphia County v. Sheehan, *supra.*

That the question is unaffected by the right of the Legislature to create or continue courts, and provide for their organization and officers, see: Altgelt v. Gutzeit, *supra;* Ward v. Harris County, *supra;* State v. Hill, *supra;* Ashbrook v. Schaub, *supra;* State v. Etchman, *supra.*

MR. JUSTICE PIERSON delivered the opinion of the court.

As a statement of the case we take the following from the original opinion of the Honorable Court of Civil Appeals:

"In 1915 by a statute appearing as Chapter 19, Acts of the First Called Session of the Thirty-fourth Legislature, the Twenty-third Judicial District of Texas was reorganized and the Eightieth Judicial District created. Section 5 of that Act is as follows:

" ' Sec. 5. That the clerk of the District Court of Harris County, as that office is now constituted, and his successor in office, shall be the clerk of the District Court of the Eightieth Judicial District of Texas in Harris County, and shall perform all the duties pertaining to the clerkship of said court, as well as the duties imposed upon him as the clerk of other district courts of Harris County, and for such additional service, shall receive twelve hundred dollars per year, as additional compensation to be collected out of the fees allowed by law.'

"The cause now at bar involves the validity of only so much of the concluding provision of this quoted section as recites that the clerk of the district court of Harris County, for his services as clerk of the new or Eightieth District Court in that county, 'shall receive twelve hundred dollars per year, as additional compensation to be collected out of the fees allowed by law.'

"Appellant was the district clerk of Harris County and as such, for the period covered by this suit, in addition to the maximum amount allowed him under the general fee bill, had collected and retained the sum of $223.37, which he claimed the right to withold under the quoted provision of the act creating the Eightieth District Court. At the suit of Harris County to recover this excess, the trial court gave it judgment, and the clerk and his official bondsmen appeal.

"We think the court below did not err, and affirm the judgment."

In its opinion it says:

"The portion of the quoted section here involved, undertaking as it does to fix the amount of fees or compensation which may be retained by the district clerk of Harris County, in addition to that allowed him under the general fee bill, applies only to that particular officer and county, and is, therefore, a local and special law."

It holds also that the provision complained of constitutes a regulation of the affairs of Harris County within the meaning of Art. 3, Sec. 56, of the Constitution of Texas, and for both reasons said provision is invalid as being obnoxious to said Sec. 56, Art. 3, of the Constitution.

Art. 3, Sec. 56, of the Constitution provides:

"The legislature shall not, except as otherwise provided in this Constitution, pass any local or special law * * regulating the affairs of counties, cities, towns," etc. * * "And in all other cases where a general law can be made applicable, no local or special law shall be enacted."

After a thorough study of the question, we have no doubt of the correctness of the holding of the Court of Civil Appeals.

The opinion of Mr. Justice Graves is convincing, and we feel that it is unnecessary for us to elaborate upon it to any great extent. For further analysis and discussion, see Duclos v. Harris County. 251 S. W., 569.

We granted the writ of error because we questioned whether this provision granting additional compensation to this officer was special or local, in view of the fact that it is a part of a law creating a district court, which is a general law.

An Act creating a district court is a general law, and as a matter of course the Legislature has the authority in the creating act to legislate as to all necessary provisions and essential elements of the court, but that does not justify the inclusion of local or special laws or provisions which are in themselves subject to general legislation, and which in fact are provided for and controlled by general laws. Such provisions, even though included in a general law, are nevertheless special and local.

If the Legislature had, by enactment other than in the bill creating the court, attempted to increase the salary of the clerk of Harris County alone, such enactment would clearly be a special and local law, and violative of Sec. 56, Art. 3.

Can the fact that it is included in the provisions of a general law creating a new court in a county in which a clerk for all district courts was already provided and his compensation fixed under a general law, the same as for all other clerks in like counties, change

its nature and effect from that of a special and local law? We think not. To so hold would be to look to the form and not the spirit and purpose of the law.

The provision under consideration certainly does single out the district clerk of Harris County and provide for him a salary or compensation as district clerk different from that of any or all like district clerks in the State.

If the Legislature had, by such a measure, decreased the compensation of the district clerk of Harris County by $1200 per annum, below that of such clerks in the other like counties having a large population and a number of courts, the legal proposition would be the same,—an attempt under the form of a general law to pass a special or local one which could affect only the one officer in the one county, and for which a general law was not only applicable but had already been provided.

The Act creating the court was essentially a general act or law. The provision providing for extra compensation of the clerk different from all other like clerks as already provided for by law in the Maximun Fee Bill was essentially special and local. Under these conditions we are of the opinion that the fact that it was included within the body of the general law does not change its character, nor make it immune from the constitutional prohibition.

The Legislature in its creative power has the authority in the creating act to provide all essentials of the thing created, but this rule cannot change the condition that exists here. The courts will take judicial knowledge of our form and system of courts, of their construction, and the laws relating to their officers and their operation. A clerk is an essential to a district court, and also each county is by law provided with one, and his compensation provided for in a general fee bill or law.

Plaintiff in error makes the argument that even if this is a special or local law, the record does not negative the making of proper publication of notice, and therefore it is valid as a special or local law. It would not seem that this could be so. If the subject is one that the Constitution inhibits from being enacted as a special or local law, such special or local law would be invalid with or without publication of notice.

Since, as held by the Court of Civil Appeals, this provision is not an essential or necessary part of the law creating the Eightieth District Court, and it is clear that the Legislature would not have declined to pass the law with this provision omitted. the validity of the rest of the Act is unaffected by the invalidity of this provision.

The judgments of the Court of Civil Appeals and District Court are affirmed.

*Affirmed.*