

# THE ATTORNEY GENERAL

## OF TEXAS

Gerald C. Mann

~~JOHN ~~~~XXXX~~

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable B. F. McKee
County Auditor
Hidalgo County
Edinburg, Texas

Dear Sir:

Opinion No. O-3777
Re: Senate Bill 61, 47th Leg-
islature of Texas, is un-
constitutional.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"The recent Legislature passed Senate Bill No. 61 authorizing an increase in the salary of the County Judge $1,500.00.

"Please advise if this is effective upon date of passing or if it is discretionary as to the effective date or is it effective January first of the next calendar year without action on the part of anyone."

Senate Bill 61 of the 47th Legislature of Texas, reads in part as follows:

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"Section 1. In all counties having a population of not less than one hundred five thousand (105,000) nor more than one hundred twenty-five thousand (125,000) according to the last preceding or any future Federal Census, the County Judge shall receive the sum of Fifteen Hundred ($1500.00) Dollars annually in addition to his salary now or hereafter provided by law, such addition in salary to be paid such County Judge as a member of the Juvenile Board provided by Article 5139, Revised Civil Statutes, 1925; such additional

salary shall be paid in twelve (12) equal installments out of the General Funds of such county, upon the order of the Commissioners' Court.

"Sec. 2. The crowded condition of the calendar creates an emergency and an imperative public necessity that the Constitutional Rule requiring all bills to be read on three several days be suspended, and such Rule is suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted.

"Passed the Senate, May 6, 1941; Yeas 27, Neys 0; passed the House, May 13, 1941: Yeas 120, Nays 7.

"Filed without the Governor's signature, May 28, 1941.

"Effective May 28, 1941."

The population of Hidalgo County, Texas, according to the 1940 Federal Census, is 106,059 inhabitants. The population of Travis County, Texas, according to the 1940 Federal Census, is 111,053 inhabitants. Hidalgo and Travis counties are the only counties in Texas coming within the population brackets set out in the bill.

Article 5139, V.A.C.S., a general statute, applicable to counties having a population in excess of 100,000 inhabitants, constitutes the County Judge a member of the County Juvenile Board but does not provide any additional compensation for such services. The statute provided additional compensation for District Judges who serve on the Board. Said statute reads as follows:

"In any county having a population of one hundred thousand or over, according to the preceding Federal census, the judges of the several district and criminal district courts of such county, together with the county judge of such county, are hereby constituted a Juvenile Board for such county. The annual salary of each of the judges of the civil and criminal district courts of such county as members of said board shall be $1,500 in addition to that paid the other district judges of the State, said additional salary to be paid monthly out of

the general funds of such county, upon the
order of the commissioners court."

The county judge of McLennan County (population
101,898) receives no additional compensation for his services
on the Juvenile Board. The county judges of Harris (pop-
ulation 528,961) Dallas (population 398,564), Bexar (pop-
ulation 338,176), Jefferson (population 145,329) and El Paso
(population 131,007) counties receive no additional compensa-
tion for their services on the Juvenile Board.

The county judge of Tarrant County (population
225,521) receives $900.00 per annum additiona. compensation
for his services on the Juvenile Board under the provisions of
Section 15 of Article 5142b, (applicable to counties having
a population of not less than 220,000 and not more than
320,000 inhabitants). The act now applies to Tarrant County
alone. At the time the Act was passed it applied to Bexar
County alone and at that time discriminated against Dallas
and Harris Counties and the county judges of Dallas and
Harris Counties. There was no reasonalbe basis for the
classification adopted by said Section 15 insofar as it
applied to county judges receiving additional compensation
at the time the Act was passed.

We think it can be safely assumed that the county
judges of Harris, Dallas, Bexar, Tarrant, Jefferson, El
Paso and McLennan Counties, as members of the Juvenile
Boards of their counties, have duties just as onerous and
important as the County Judges of Hidalgo and Travis counties.
Senate Bill 61, discriminates against the counties named
above and their county judges. We can see no reasonalbe
basis for the classification adopted in Senate Bill 61, supr .

Senate Bill 61 supra, is clearly unconstitutional.
See the recent case of Miller et al., vs. El Paso County,
150 S.W. (2d) 1000, (Supreme Court of Texas--opinion
delivered by Chief Justice Alexander). Also see the
following cases;

City of Ft. Worth vs. Bobbitt, 41 S.W. (2d) 228
Bexar County vs. Tynan, 97 S.W. (2d) 467
Clark vs. Finley, 54 S.W. 343
Smith vs. State, 49 S.W. (2d) 739
Fritter vs. West, 65 S.W. (2d) 414
Wood vs Marfa School District, 123 S.W. (2d) 429
Leonard vs. Road District, 61 S.W. (2d) 70
Altgelt vs. Gutzeit, 201 S.W. 400
Duclos vs. Harris County, 263 S.W. 562

Ward vs. Harris County, 209, S.W. 794.

You are therefore respectfully advised that it is the opinion of this department that Senate Bill 61 of the 47th Legislature of Texas is unconstitutional and that you would have no authority to sign or approve warrants for the salary mentioned in said bill.

We also hold that Section 15 of Article 5142b, V.A.C.S., insofar as it attempts to allow additional compensation to county judges for their services on juvenile boards, is invalid, under the above cited authorities. The county auditor of Tarrant County has no authority to sign or approve warrants for additional compensation for the County Judge of Tarrant County under Article 5142b, V.A.C.S.

Very truly yours

ATTORNEY GENERAL OF TEXAS

s/Wm. J. Fanning

By          Wm. J. Fanning
                 Assistant

Approved July 29, 1941

s/ Grover Sellers

First Assistant
Attorney General

Approved Opinion Committee
By BWB, Chairman

WJF:eaw/cg