

# THE ATTORNEY GENERAL
# OF TEXAS

Gerald C. Mann      AUSTIN 11, TEXAS

ATTORNEY GENERAL

Honorable Henry C. Kyle
County Attorney
Hays County
San Marcos, Texas

Dear Sir:

This opinion overules
opinions O-3351, O-4431
O-4635 in so far as they
conflict with this opinion.

Opinion No. O-4715
Re: (1) Whether Section 1 of
Acts of 1939, 46th Legis-
lature, Special Laws,
page 565, is constitu-
tional:

(2) The dates from which
the commissioners of Hays
County should refund all
salaries paid them over
and above the maximum
amount due them;

(3) Whether the County
Auditor and the sureties
on his official bond are
liable for all amounts
paid the county commis-
sioners over the maximum
prescribed in Article 2350
of the Revised Civil Sta-
tutes of Texas on warrants
approved by him and issued
under the above referred
to Act of the Legislature;
and

(4) Whether the sureties
on the commissioners' bonds
are liable for the excess
salaries paid to said
commissioners.

Your request for an opinion on the above matters
has been received and carefully considered. We quote from
your request as follows:

"Section 1 of Arts 1939, 46th Leg., Spec. L.,
p. 565, as per page 111, 1941 Cumulative Annual

Pocket Part for Vol. 7, V.A.C.S., Art. 2350m
notes, reads as follows:

"'Section 1. That the salaries and compensa-
tion of each of the County Commissioners in coun-
ties with the population of not less then fourteen
thousand, nine hundred and one (14,901) inhabitants
nor more than fourteen thousand, nine hundred and
twenty (14,920) inhabitants, according to the last
Federal Census, as same now exists or may hereafter
exist, and having an assessed valuation of not less
than Seven Million, Four Hundred and Thirty-six
Thousand Dollars ($7,436,000), nor more than Eight
Million Dollard ($8,000,000), according to the last
approved tax rolls, as same now exista or may here-
after exist, the Commissioners Court of the counties
coming under the provisions of this Act shall have
the right to fix the exact amount of said salary,
which shall be not to exceed Eighteen Hundred Dol-
lars ($1800) per annum, payable in equal monthly
installments of not to exceed One Hundred and Fif-
ty Dollars ($150).'

"(That part above as underlined was so under-
lined by this writer.)

".....'"

You also state that, at the time this act was
passed, Hays County was the only county in Texas that came
within the population and valuation brackets named therein,
and that it has since passed out of said brackets. You fur-
ther state that shortly after said Act was to have become
effective under its terms, the Commissioners' Court of Hays
County set the salaries of its Commissioners as provided
for therein, and that the County Auditor has examined and
approved such expenditures.

Under these facts this law applied to no county in
Texas other than Hays County. It does not now apply to Hays
County and it is uncertain that same does or will ever apply
to any other county in Texas.

Section 56, Article III of the Constitution of
Texas, is in part as follows:

"Sec. 56. The Legislature shall not, except
as otherwise provided in this Constitution, pass
any local or special law, authorizing:

....".....
"Regulating the affairs of counties, cities, towns, wards or school districts:

"....

"And in all other cases where a general law can be made applicable, no local or special law shall be enacted; ..."

In the case of Miller, et al vs. El Paso County, 150 S. W. (2) 1000, the Supreme Court held that the Legislature has a broad power to make classifications for legislative purposes and to enact laws for the regulation thereof, even though such legislation may be applicable to a particular class or, in fact, affect only inhabitants of a particular locality; but such legislation must be intended to apply uniformly to all who may come within the classification designated in the Act; that there must be a substantial reason for the classification; that it must not be a mere arbitrary device resorted to for the purpose of giving what is, in fact, a local law the appearance of a general law. In that case the only county in Texas that came within the provisions of the Act was El Paso County and no other county would come within its provisions for at least five years after its adoption, and the court held that same was an unreasonable classification that bore no relation to the objects sought to be accomplished by the Act, and was therefore void.

In the case of Bexar County vs. Tynan, et al., 97 S.W. (2) 467, the court was considering the constitutionality of a law which would apply only to Bexar County and no other county in the State. The court held that said Act on its face purported to be a general law, and that because it may have applied to only one county in the State at the time of its passage did not alone make it a special law in view of the fact that it was not so passed as to exclude the probability that it would apply to other counties in the future; out the court held said law was void upon the grounds that the attempted classification set forth therein was unreasonable and arbitrary to such a degree as to indicate beyond doubt that the purpose of the Legislature was to single out one county and attempt to legislate upon the question of the compensation of its officers, and not upon the subject generally.

The rules of law laid down in said opinions apply to the Act inquired about by you, and it is the opinion of

this department that Section 1 of said Act is unconstitutional and void, and we so held. We also direct your attention to our opinion No. O-1986, a copy of which is hereto attached.

Article 2340 of the Revised Civil Statutes of Texas, relative to bonds as shall be executed by County Commissioners, contains in part the following provisions:

"...conditioned for the faithful performance of the duties of his office, that he will pay over to his county all moneys illegally paid to him out of county funds, as voluntary payments or otherwise, and that he will not vote or give his consent to pay out county funds except for lawful purposes."

Judge Cooley, in his work on Constitutional Limitations, Volume I, 8th Edition, at page 382, laid down the following rule:

"When a statute is adjudged to be unconstitutional, it is as if it had never been. Right cannot be built up under it; contracts which depend upon it for their consideration are void; it constitutes a protection to no one who has acted under it, and no one can be punished for having refused obedience to it before the decision was made. And what is true of an act void in toto is true also as to any part of an act which is found to be unconstitutional, and which, consequently, is to be regarded as having never, at any time, been possessed of any legal force."

See also 11 Am. Jur., Sec. 148, p. 827; 9 Tex. Jur. Sec. 51, pp. 467-468; Miller, et al v. Davis, et al., 150 S. W. (2) 973, Supreme Court; Ellis vs. Board of State Auditors, 65 N.W. 577, Supreme Court of Michigan.

Under the terms of the statute hereinabove referred to (Article 2340), each commissioner was required to execute a bond conditioned for the faithful performance of the duties of his office and that he would pay over to his county all moneys "illegally paid to him out of county funds, as voluntary payments or otherwise". The law under which payments of salaries were made to the Commissioners of Hays County over and above the sum of $1400.00 per year being unconstitutional, all sums paid to each of them in excess of said

$1400.00 per year were illegally paid; therefore, each of said Commissioners is liable to repay such excess salaries, so paid to him, and it is the opinion of this department, and you are so advised, that each of said Commissioners is liable for all sums paid to him over and above the $1400.00 per year provided for by law.

In further support of this conclusion, we direct your attention to the case of Kitchens et al. v. Roberts, County Treasurer, 24 S.W. (2) 464. This was a suit by the County Treasurer of Wood County to recover of a county commissioner in excess of the amount due him under the general law. Said sums were demanded by and paid to said commissioner by authority of a special act of the legislature, and the suit to recover same was on the theory that the Legislature was without power to provide by said special act for the payment to a county commissioner for his services as such a sum in excess of that fixed by general law. The trial court sustained this contention, held said special act unconstitutional and gave plaintiff judgment for the amount sued for. This judgment was affirmed by the Court of Civil Appeals and application for writ of error was refused by the Supreme Court. See also Duclos et al v. Harris County, 251 S.W. 569, affirmed by Supreme Court, 263 S.W. 562. The case of Cameron County v. Fox, 2 S.W. (2) 433, was a suit by a county to recover from a tax collector premiums on bonds theretofore allowed to him by the commissioners' court, and the Commission of Appeals held that, notwithstanding the payment to the tax collector was voluntarily made, the amount so paid could be recovered in an action by the county as said payment was made without lawful authority.

As to the liability of each individual Commissioner under that part of his bond which provides "that he will not vote or give his consent to pay out county funds except for lawful purposes", for the excess salaries paid to each of the other commissioners over and above said $1400.00 per year, we refer you to the rules of law laid down in the case of Welch et al v. Kent et al., 153 S.W. (2) 284. This was a suit by the County Treasurer of Jefferson County against the County Commissioners of said County to recover the amount of certain claims against the County which were alleged to have been paid by said Commissioners without authority of law, and that, as to said Commissioners, their said act constituted a voting and consenting to the payment of funds and moneys out of the county funds for unlawful purposes, and that said Commissioners neglected in said particulars to faithfully perform and discharge the duties required of them. The trial court

rendered judgment in plaintiff's favor, and the Court of Civil Appeals reversed and rendered said judgment on the ground that, "in voting 'to pay out county funds', a county commissioner is not liable when actuated by pure motives, but only when he acts maliciously or corruptly, or under circumstances imputing malice or corrupt motives. He is not liable to his county for his judicial acts, no matter how erroneous in law may be his judicial decision, so long as he acts in good faith".

Therefore, it is the opinion of this department that each of said County Commissioners would be liable for the excess salaries paid to each of the other Commissioners, in addition to the amount individually received by him, if it can be shown that he acted maliciously or corruptly, or under circumstances imputing malice or corrupt motive, or without good faith. As evidence of such malice or corrupt motive or lack of good faith, it could be shown that each Commissioner had received authoritative advice from the County or District Attorney, or the Attorney General, that the law under which said excess salaries had been paid was unconstitutional, or that it no longer applied to Hays County by reason of the fact that said County had passed out of the population or valuation brackets provided in said law, whichever was first in point of time, and any payments voted for or consented to by said other Commissioners after receiving such advice would likely come within said rule of law.

Article 1649 of the Revised Civil Statutes of Texas gives the requirements of a bond for a County Auditor, and same is conditioned "for the faithful performance of his duties". Article 1651 of said statute contains in part the following: "and he shall see to the strict enforcement of the law governing county finances".

Article 1653 provides that he shall have continued access to and shall examine all the books, accounts, reports, vouchers and other records of any officer, the orders of the commissioners' court, relating to finances of the county, etc.

Article 1660 of said statutes provides that all claims, bills and accounts against the county must be filed in ample time for the Auditor to examine and approve same before the meetings of the commissioners' court. That no claim, bill or account shall be allowed or paid until it has been examined and approved by the County Auditor.

Article 1661 of said statute contains in part the following provision:

"All warrants on the County Treasurer, except warrants for jury service, must be countersigned by the County Auditor."

See also 11 Tex. Jur., Sec. 52, p. 581.

In the case of Sessums vs. Botts, 34 Tex. 335-50, the Supreme Court held that certain considerations must be given to ministerial officers and laid down the following rule:

"We are not willing to endorse the proposition, in its broadest sense, that a ministerial officer has the right and power to decide upon the constitutionality or unconstitutionality of an act passed with all the formality of law. It is the duty of such officers to execute and not to pass judgment upon the law, and we are of the opinion that the clerk of the district court should have refused to have issued execution in violation of what appeared to be a valid and binding law, until the same had been declared void by the tribunal properly constituted for that purpose."

The rule as to when a county auditor can be held liable for payments of compensation paid to others is laid down in the case of Welch, et al v. Kent, et al., 153 S.W. (2) 284, which involves a county auditor and his successor in office, as well as the county commissioners, in the following language:

"... One condition of their oath and bond (Art. 1649, R.C.S. 1925) was that they would faithfully discharge the duties of their office. To constitute a cause of action against a county auditor on his bond, the pleader must allege and prove that, in the matters charged against him, he acted maliciously, corruptly or negligently, 20 C.J.S., Counties, ¶ 140, p. 952: these allegations must be made by the pleader because of the presumption of the regularity of the official acts of the county auditor. ..."

See also the case of Wade vs. Board of Com'rs. of Harmon County, et al., 17 Pac. Rep. (2) 690, Supreme Court of Oklahoma.

Under the statutes and rules above referred to and set out, it was made the duty of the county auditor to see that no payments of salaries were made to said county commissioners in excess of these provided for by law. Salaries having been paid to the Commissioners of Hays County

in excess of those provided for by law, we hold that the County Auditor is liable for all such sums so paid, insofar as he acted maliciously, corruptly or negligently in permitting said payment to be made. It is our further opinion, however, that the same rule of good faith would apply to him as we have hereinabove held should apply to the County Commissioners, in that said Auditor would not be liable to pay any of said sums paid to said Commissioners prior to the date he may have received authoritative advice from the County or District Attorney, or the Attorney General, that the law under which said excess payments were made to said Commissioners was unconstitutional, or that same no longer applied to Hays County by reason of the change in the population or valuation bracket, whichever was first in point of time.

The general rule as to when the sureties on the bond of public officials can be held liable for the action of said public officials is laid down in the case of Jeff Davis County vs. Davis, et al, 192 S.W. 291, writ dismissed. This was a suit against the sheriff and the sureties on his bond to recover certain sums of money paid to said sheriff on claims presented by and allowed to him that were alleged to be unjust and illegal. The trial court sustained exceptions filed as to said sureties and dismissed the said suit as to them. Sustaining this action, the Court of Civil Appeals held as follows:

"....

"And in Heidenheimer v. Brent, 59 Tex. 5333, it was said:

"'To charge the sureties on a sheriff's bond, the act complained of must not only be one which he might rightfully do as sheriff, but which must be actually done by him as sheriff, under claim of right to do the set as such officer.'

"This statement of the law is the application of a rule by which the acts of a sheriff for which his sureties may be held liable can be distinguished from those acts for which they will not be held liable. The former are termed acts done 'virtute officii', and the latter 'colore officii'. The distinction is this: Acts done 'virtute officii' are when they are within the authority of the officer, but when in the doing he exercises that authority improperly, or abuses the confidence which the law reposes in him;

> whilst acts done 'colore officii' are where they
> are of such nature the office gives him no author-
> ity to do them. Gold v. Campbell, 54, Tex. Div. App.
> 269, 117 S.W. 463, at 468.
>
> "...."

See also Miller, et al vs. Foard County, et al., 59 S.W. (2) 277.

Under these rules it is our opinion that the sure-ties on the bond of the County Auditor would be liable for the repayment of any and all sums paid to said County Com-missioners that the Auditor himself would be liable for the repayment of, for the reason that permitting said payments to be made to said County officials was in violation of the terms of his bond which provided for "the faithful perform-ance of his duties". In other words, the acts of the County Auditor in approving payment of said excess salaries to said County Commissioners was done within his authority as such officer. Ordinarily these rules would prevent the sureties on bonds of said County Commissioners from being liable for the excess sums paid to said Commissioners, since same were not paid in the performance of any official duties on the part of said Commissioners; but, in becoming sureties on the bonds of said County Commissioners, said sureties agreed that said Commissioners would "pay over to his County all moneys ille-gally paid to him out of County funds, as voluntary payment or otherwise, and that he would not vote or give his consent to pay out County funds except for lawful purposes". This provision of said bonds having been violated and said bonds having embraced the liability to refund said salaries as for money unlawfully had and received from the County, we hold that the sureties on the bonds of said County Commissioners are also liable for any and all sums the Commissioners them-selves will be liable for.

This department has heretofore, in opinion No. O-4431, addressed to you, and opinion No. O-3351, addressed to Honorable B. F. McKee, County Auditor of Hidalgo County, Edinburg, Texas, and opinion No. O-4635, addressed to Honor-able Martelle McDonald, District Attorney, Big Spring, Texas, held that the county officials named in said opinions who had been paid certain funds under laws which were held to be unconstitutional, should refund all such moneys received by them from the date they were advised of the unconstitution-ality of said laws by the County Attorney, District Attorney or the Attorney General of Texas. Insofar as said opinions,

or either of them, conflict with the holdings hereinabove made in regard to the liability of county commissioners for repayment of excess salaries paid to them under an unconstitutional law and the time from which said payments should be made, same are hereby expressly overruled.

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

s/ Jas. W. Bassett

By        Jas. W. Bassett
                  Assistant

JWB:mp/cg
Encl.

Approved Oct. 2, 1942

s/ Gerald C. Mann

Attorney General of Texas

Approved Opinion Committee
By BWB, Chairman