

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 24, 1949

Hon. Tom A. Craven                    Opinion No. V-893
County Auditor
McLennan County                       Re: The constitutionality of
Waco, Texas                               Sec. 1, H.B. 339, 51st
                                          Legislature, relative to
                                          the salaries of County
Dear Sir:                                 officials.

          Reference is made to your recent request in
which you inquire as to the constitutionality of Section
1 of House Bill No. 339, Acts of the 51st Legislature,
R.S., 1949.  That section reads:

          "In all counties in this State having
     a population of more than ninety thousand
     (90,000) persons according to the last pre-
     ceding Federal Census, and not more than
     one hundred, forty-five thousand (145,000)
     population according to such Federal Census
     and with a taxable valuation for county pur-
     poses of not less than Eighty-five Million
     Dollars ($85,000,000), according to the tax
     rolls as prepared by the tax assessor-col-
     lector of the respective counties for the
     year 1948, the county judge, county clerk,
     sheriff, tax assessor-collector, district
     clerk, the criminal district attorney or
     the county attorney performing the duties
     of a district attorney and the county attor-
     ney shall receive an annual salary of Six
     Thousand, Five Hundred Dollars ($6,500) pay-
     able in equal monthly installments.  The
     salary of such officers from the effective
     date of this Act, for the remainder of the
     year 1949, shall be paid on the same ratio
     basis as the remainder of the year bears to
     the total annual salary provided herein."
     (Emphasis is added throughout.)

          We assume from your letter that your question
is whether the above section is repugnant to Article
III, Section 56 of the Texas Constitution, which pro-
vides in part:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law, authorizing: . . . Regulating the affairs of counties, cities, towns, wards or school districts: . . ."

It was held in the case of Bexar County v. Tynan, 128 Tex. 223, 97 S.W.2d 467 (1936), that an act fixing salaries of county officers was an act "regulating the affairs of counties" within the purview of the Constitution, and an attempt to do so by local or special law was void.

In the case of Clark v. Finley, 92 Tex. 171, 54 S.W. 343 (1899), the Supreme Court said:

"Without entering at large upon the discussion of what is here meant by a 'local or special law,' it is sufficient to say that a statute which relates to persons or things as a class is a general law, while a statute which relates to particular persons or things of a class is special, and comes within the constitutional prohibition. . . .

"There must be a classification. That classification may be either by population or by taxable values. . . ."

In City of Fort Worth v. Bobbitt, 118 Tex. 14, 36 S.W.2d 470 (1931), the Court in holding void an Act of the Legislature wrote:

"It will be noted that section 1 of the act confines its application absolutely to cities which, according to the United States census of 1920, contain not less than 106,000 and not more than 110,000 inhabitants. An examination of the census referred to discloses that the city of Fort Worth, Tex., is absolutely the only city in the state of Texas that has a population coming within the provisions of this act. Furthermore, the act is so constructed that it is absolutely impossible for any other city in the state to ever be included within the terms or under the provisions of the act. It is therefore our opinion that this act is confined in its application to the city of Fort Worth only, just

as clearly, and just as effectively as if the
stipulation with reference to population had
been omitted and the name 'Fort Worth' written
therein in its stead. . . . .

"'A classification based upon existing or
past conditions or facts and which would ex-
clude the persons, places, things or objects
thereafter coming into the same situation or
condition, is special and void. Thus a class-
ification of cities or counties based upon ex-
isting population or upon the population shown
by specified census is of this character.'"

In the case of Miller v. El Paso County, 136
Tex. 370, 150 S.W.2d 1000 (1941), Chief Justice Alexan-
der wrote:

"The purpose of this constitutional in-
hibition against the enactment of local or
special laws is a wholesome one. It is in-
tended to prevent the granting of special
privileges and to secure uniformity of law
throughout the State as far as possible. It
is said that at an early period in many of
the states the practice of enacting special
and local laws became 'an efficient means for
the easy enactment of laws for the advance-
ment of personal rather than public interests,
and encouraged the reprehensible practice of
trading and "logrolling."' It was for the
suppression of such practices that such a pro-
vision was adopted in this and many of the
other states of the Union. 25 R.C.S., p. 820,
§ 68.

"Notwithstanding the above constitutional
provision, the courts recognize in the Legis-
lature a rather broad power to make classifi-
cations for legislative purposes and to enact
laws for the regulation thereof, even though
such legislation may be applicable only to a
particular class or, in fact affect only the
inhabitants of a particular locality; but such
legislation must be intended to apply uniform-
ly to all who may come within the classifi-
cation designated in the Act, and the classi-
fication must be bread enough to include a

substantial class and must be based on charac-
teristics legitimately distinguishing such
class from others with respect to the public
purpose sought to be accomplished by the pro-
posed legislation. In other words, there must
be a substantial reason for the classification
. . .

" . . . Resort to population brackets for
the purpose of classifying subjects for legis-
lation is permissible where the spread of pop-
ulation is broad enough to include or segre-
gate a substantial class, and where the popu-
lation bears some real relation to the subject
of legislation and affords a fair basis for
the classification."

In that case, a statute dealing with county
affairs was made applicable to counties having a popula-
tion of not less than 125,000 and not more than 175,000
and containing a city of not less than 90,000 inhabit-
ants. The Court said it could apply only to El Paso
County and that such fact must have been known to the
Legislature. The Court wrote that, "We are therefore
met at the outset with a law which under the facts well
known at the time of its adoption, was applicable only
to a single county. Clearly then it is a local law and
must fall as such, unless it can be fairly said that
the class so segregated . . . has characteristics dis-
tinguishing it from the remainder of the State . . ."

The Court found no such distinguishing charac-
teristics and held that the Act was void.

The Miller-El Paso case has been uniformly
followed under applicable fact situations. Thus in
Ex Parte Carson, 159 S.W.2d 126 (Tex. Crim. 1942) the
Court of Criminal Appeals held void an Act fixing a
fee for county law libraries where the act was applica-
ble only to Harris and Dallas Counties. In Jameson v.
Smith, 161 S.W.2d 520 (Tex. Civ. App. 1942, error ref.
w.o.m.), the Court held void an Act increasing the sala-
ries of County Commissioners in Coleman County only.
And in Oakley v. Kent, 181 S.W.2d 919 (Tex. Civ. App.
1944), the Court, following an Attorney General's Opin-
ion, held void an act applicable to counties of not
less than 140,000 nor more than 220,000 population where
it was shown that it applied only to Jefferson County.
That Act was to create a central purchasing agency for
the county.

Upon consulting the 1948 tax valuations of the various counties in this State, we find that Section 1 of H.B. 339 can only be applicable now or in the future to ten counties towit: Bexar, Brazoria, Dallas, Galveston, Gregg, Harris, Jefferson, McLennan, Nueces and Tarrant. The Act is now applicable, by virtue of the population bracket, to McLennan and Nueces Counties only. In other words, there are 244 other counties which are excluded from the provisions of this Act, and perpetually so, even though they may be similarly situated in the future. This is true because the Act limits its application to counties having a valuation of $85,000,000 according to a particular, past valuation; i.e., the 1948 tax valuation. No counties, of course, can change their 1948 tax valuations. In this regard, 2 Sutherland Statutory Construction (3rd ed. 1943) 37, says:

" . . . An Act limited to a particular census is a form of identification and invalid, as no subsequent changes in population would enable other communities to come within the qualifications of the Act."

By analogy, we believe the same to be true concerning an Act limited to the tax valuation for a particular year.

We cannot conceive of any basis for permanently excluding 244 counties from the provisions of this Act, any one of which could in the future be similarly situated as those now included. We do not believe that this is a rational or reasonable classification but is arbitrary.

In view of the foregoing it is our opinion that Section 1 of H. B. 339 is unconstitutional in so far as it pertains to the Sheriff, Anderson v. Wood, 137 Tex. 201, 152 S.W.2d 1084 (1941), the County Judge, Ward v. Harris County, 209 S.W. 792 (Tex. Civ. App. 1919, error ref.), the District Clerk, Duclos v. Harris County, 114 Tex. 147, 263 S.W. 562 (1924), the County Clerk, the Tax Assessor and Collector, the County Attorney and the County Attorney performing the duties of a District Attorney.

Although Section 1 of H.B. 339 is unconstitutional as being in violation of Article III, Section 56 in so far as it pertains to the above mentioned county officers, the bill is not governed by said constitutional provisions in so far as it pertains to the office of

Criminal District Attorney, since the office of District Attorney or Criminal District Attorney is an incident to the functioning of courts which the Legislature creates under the express authority of Article V, Section 1. Harris County v. Crooker, 224 S.W. 792, affirmed 112 Tex. 450, 248 S.W. 652 (1923); Jones v. Anderson, 189 S.W.2d 65 (Tex. Civ. App. 1945); Tom Green County v. Proffitt, 195 S.W.2d 845 (Tex. Civ. App. 1945); Neal v. Sheppard, 209 S.W.2d 38 (Tex. Civ. App. 1948). It was held in these cases that bills which prescribe the jurisdiction and organization of those courts which the Legislature may establish under Article V, Section 1 of the Constitution of Texas, are not governed by the provisions of Article III, Section 56, and hence local and special Acts relating thereto are valid.

Harris County v. Crooker upheld a statute, special in character, which fixed the salary of the District Attorney of the Criminal District Court of Harris County. Jones v. Anderson upheld a special law creating the office of Criminal District Attorney for Bexar County. Tom Green County v. Profitt upheld a law, special in character, which fixed the salaries of court reporters in certain counties. Neal v. Sheppard upheld a law creating the office of Criminal District Attorney of a District Court of general jurisdiction in Gregg County which also fixed the salary for the Criminal District Attorney.

If that part of the Act pertaining to the Criminal District Attorney may be severed from the remaining portion, it is our opinion that the same is valid and constitutional.

It is stated in 2 Sutherland Statutory Construction (3rd ed. 1943) 178-179, Sec. 2404:

"In determining separability, legislative intent governs, but intent that the act be enforced in so far as valid is not the sole consideration. If the legislature so intended, the valid parts of an act will be upheld 'unless all the provisions are connected in subject matter, dependent on each other, operating together for the same purpose, or otherwise so connected together in meaning that it cannot be presumed the legislature would have passed the one without the other.' To be capable of separate enforcement, the valid portion

of an enactment must be independent of the invalid portion and must form a complete act within itself. The law enforced after separation must be reasonable in light of the act as originally drafted. The test is whether or not the legislature would have passed the statute had it been presented with the invalid features removed."

It is our opinion that the valid portion of Section 1 of H.B. 339 to wit, the increasing of compensation of the Criminal District Attorney, forms a complete act within itself capable of separate enforcement and the Legislature has declared that it would have enacted such portion with the remainder of the Act removed by Section 4 of the Act, which reads as follows:

"If any part, Section, subsection, paragraph, sentence, clause, phrase, or word contained in this Act shall be held by the courts to be unconstitutional or invalid, such holding shall not affect the validity of the remaining portions of this Act, and the Legislature hereby declares that it would have enacted, and does here now enact such remaining portions despite any such invalidity."

Therefore, that portion of the Act pertaining to the compensation of Criminal District Attorney is valid and not unconstitutional.

You have not inquired as to the constitutionality of Section 2 of H.B. 339; therefore, this opinion is not to be construed as passing on the validity of said Section.

### SUMMARY

Section 1 of H.B. 339, Acts of the 51st Legislature, 1949, fixing the salaries of county officials in certain counties is a local and special law in violation of Article III, Section 56 of the Constitution of Texas in so far as it pertains to the Sheriff, County Judge, District Clerk, County Clerk, Tax Assessor-Collector, County Attorney and the County Attorney performing the duties of District Attorney. Bexar County v. Tynan, 128

Tex. 223, 97 S.W.2d 467 (1936); Clark v. Finley, 92 Tex. 171, 54 S.W. 343 (1899); Miller v. El Paso County, 136 Tex. 370, 150 S.W.2d 1000 (1941); Ward v. Harris County, 209 S.W. 792 (Tex. Civ. App. 1919, error ref.); Anderson v. Wood, 137 Tex. 201, 152 S.W.2d 1084 (1941); Duclos v. Harris Co., 114 Tex. 147, 263 S.W. 562 (1924).

Section 1 of H.B. 339 is valid and constitutional in so far as it pertains to the office of Criminal District Attorney. Neal v. Sheppard, 209 S.W.2d 388 (Tex. Civ. App. 1948); Jones v. Anderson, 189 S.W.2d 65 (Tex. Civ. App. 1945).

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Bruce Allen*

Bruce Allen
Assistant

BA:mw:bh

APPROVED

*Price Daniel*

ATTORNEY GENERAL