

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

May 19, 1965

Honorable John A. Traeger, Chairman
Municipal and Private Corporations
    Committee
House of Representatives
Austin, Texas

Opinion No. C -442

Re: Constitutionality of
House Bill 503 relating
to purchasing procedures
of gas and electric com-
panies of certain cities.

Dear Mr. Traeger:

You have requested the opinion of this office on the constitutionality of House Bill 503 of the 59th Legislature.

Section 1 of House Bill 503 reads as follows:

"This Act applies to the purchasing procedures of gas and electric companies, owned by a municipal corporation in all counties having a population of not less than 550,000 nor more than 950,000 according to the last preceding federal census."

By virtue of the population bracket quoted above, the provisions of House Bill 503, at the present time, are only applicable to cities in Bexar County, since the population bracket for the present time excludes all other cities of the State.

Section 56 of Article III of the Constitution of Texas prohibits the enactment of local or special laws regulating the affairs of counties, cities, towns, wards or school districts. In construing the provisions of Section 56 of Article III of the Constitution of Texas, it was held in Miller v. El Paso County, 136 Tex. 370, 150 S.W.2d 1000 (1931):

"Notwithstanding the above constitutional provision, the courts recognize in the Legislature a rather broad power to make classifications for legislative purposes and to enact laws for the regulation thereof, even though such legislation may be applicable only to a particular class or,

in fact, affect only the inhabitants of a particular locality; but such legislation must be intended to apply <u>uniformly to all who may come within the classification designated in the Act, and the classification must be broad enough to include a substantial class and must be based on characteristics legitimately distinguishing such class from others with respect to the public purpose sought to be accomplished by the proposed legislation.</u> In other words, there must be a substantial reason for the classification. It must not be a mere arbitrary device resorted to for the purpose of giving what is, in fact, a local law the appearance of a general law. . . ." (Emphasis added).

Likewise, it was held in <u>Bexar County v. Tynan</u>, 128 Tex. 223, 97 S.W.2d 467 (1936):

"Notwithstanding it is true that the Legislature may classify counties upon a basis of population for the purpose of fixing compensation of county and precinct officers, yet in doing so the classification must be based upon a real distinction, and must not be arbitrary or a device to give what is in substance a local or special law the form of a general law. . . ."

The above construction of Section 56 of Article III of the Constitution of Texas was reiterated in <u>Smith v. Decker</u>, 158 Tex. 416, 312 S.W.2d 632 (1958), wherein the Supreme Court stated:

"The use of population brackets alone, that is, segregating one county by the Legislature, by reason of population for the purpose of necessary legislation, does not necessarily render a law special in nature and contrary to the constitutional prohibition against same. However, it has long been held that the use of population brackets alone to direct legislation toward a particular county needing a particular type of legislation will not in itself save the law from being unconstitutional as a special law if the classification bears no reasonable relationship to the objects sought to be accomplished. . . ."

For additional authorities, see Clark v. Finley, 92 Tex. 171, 54 S.W. 343 (1899); City of Fort Worth v. Bobbitt, 118 Tex. 14, 36 S.W.2d 470 (1931); Ex parte Carson, 159 S.W.2d 126 (Tex.Crim. 1942); Jameson v. Smith, 161 S.W.2d 520 (Tex.Civ.App., 1942, error ref., w.o.m.); Oakley v. Kent, 181 S.W.2d 919 (Tex. Civ.App., 1944); Anderson v. Wood, 137 Tex. 202, 152 S.W.2d 1084 (1941); Ward v. Harris County, 209 S.W. 792 (Tex.Civ.App., 1919, error ref.); and Duclos v. Harris County, 114 Tex. 147, 263 S.W. 562 (1924).

Applying the test prescribed in the foregoing authorities, we cannot conceive of any basis for excluding all cities in this State, save and except those cities in Bexar County, from the provisions of House Bill 503 of the 59th Legislature.  Stated another way, we can conceive of no basis for providing special purchasing procedures of gas and electric companies owned by municipal corporations in only one county of the State.

In view of the foregoing, it is our opinion that House Bill 503 of the 59th Legislature is unconstitutional, being in violation of Section 56, of Article III of the Constitution of Texas.

## SUMMARY

House Bill 503 of the 59th Legislature is unconstitutional, being in violation of Section 56 of Article III of the Constitution of Texas.

Yours very truly,

WAGGONER CARR
Attorney General

By John Reeves
John Reeves
Assistant

JR:ms:zt

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
Pat Bailey
Paul Phy
Frank Booth
Ralph Rash

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone